## BELDOCK LEVINE & HOFFMAN LLP
### 99 PARK AVENUE
NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
MELVIN L. WULF
ROBERT J. EPSTEIN

REF:

WRITER'S DIRECT DIAL:
(212) 277-5882

December 5, 2008

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Warren v. City of New York, et al.*
Case No. 08-CV-3815 (ARR) (RER)

Dear Judge Reyes:

As counsel for plaintiffs, we write in opposition to the City of New York's November 20, 2008 letter motion in *Moody v. City of New York*, 08-CV-2587 (SLT) (VVP), to consolidate discovery in this action with the *Moody* case. Consolidation of the cases in front of Magistrate Judge Viktor Pohorelsky and District Court Judge Sandra L. Townes would afford the City the tactical advantages of judge selection, potential discovery delay and time saved in producing the individual defendants for deposition. None of these unfair advantages are warranted by the theoretical benefits of consolidation given that only two cases are at issue; they involve more divergent than overlapping facts; each is relatively discrete in scope and number of parties, making it quite feasible for each to be managed by separate judicial teams; and considering that even in the event of consolidation, portions of each case will necessarily still have to be supervised separately.

Beldock Levine & Hoffman LLP

## There Are More Divergent Than Overlapping Facts

The City is incorrect when it states that "[b]oth of these actions arise out of a single incident." 11/20/08 Letter Motion at 1. To the contrary, only a small portion of the events at issue in the two actions overlap – that being the portion of Freddy Moody's June 21, 2007 arrest on Vanderbilt Avenue during which he was being assaulted and to which plaintiffs Michael and Evelyn Warren objected.

As we understand it, Mr. Moody's arrest was precipitated by events wholly unrelated to the Warrens involving an alleged drug transaction and a stolen car that resulted in a vehicle chase, and ultimately a foot chase. At the end of the chase, multiple police pursued Mr. Moody through the parking lot of a McDonald's Restaurant located on Vanderbilt Avenue between Atlantic Avenue and Pacific Street, apprehending him in the street of Vanderbilt Avenue. Michael and Evelyn Warren, who were stopped in traffic at a light on Vanderbilt Avenue, observed the final moments of the foot chase and Mr. Moody's apprehension. They also observed multiple officers kick and strike Mr. Moody as he was laying on the ground. The Warrens got out of their vehicle and protested this use of force. When police ordered them back into their vehicle, they complied. From that point forward, the facts and events pertaining to Mr. Moody and those pertaining to the Warrens diverge and have no bearing on one another.

Mr. Moody was, presumably, removed from the scene and prosecuted. Meanwhile, Sergeant Talvy approached the Warrens, who were seated back inside their vehicle. He proceeded to punch both Mr. and Ms. Warren in the face through the open window of the vehicle, and to forcefully remove Michael Warren, strike him again and arrest him. When Evelyn Warren requested permission to remove the vehicle from the scene, Sergeant Talvy asked for her driver's license. She provided it and Sergeant Talvy handed it to Officer Mirabel Sarante. On Sergeant Talvy's instruction, Officer Sarante began writing down information from the license. Ms. Warren attempted to retrieve her license. Officer Sarante accused Ms. Warren of scratching her and Sergeant Talvy ordered Evelyn Warren's arrest. Thus, while the initial interaction between Sergeant Talvy and the Warrens followed from the Warrens' having objected to the excessive force being employed against Mr. Moody, Sergeant Talvy's subsequent assault and arrests of the Warrens unfolded wholly independently of what was transpiring with Moody.

Both of the Warrens were transported to the 77th Precinct, where further events unfolded, again, entirely separate from Mr. Moody. The Warrens were criminally charged based on affidavits sworn to by Officer Sarante and Officer John Acconi, the latter accusing Michael Warren of having interfered with Officer Acconi's and Officer Joseph Tillotson's efforts to arrest Mr. Moody. The Warrens were subjected to lengthy prosecutions that were ultimately dismissed for lack of evidence. Their prosecutions were conducted separately from the criminal proceedings against Mr. Moody.

BELDOCK LEVINE & HOFFMAN LLP

### Prejudice of Consolidation Outweighs Any Theoretical Benefit

Given that this case and the *Moody* case involve more separate than overlapping facts, the prejudice to the Warrens of consolidation far outweighs any theoretical benefit.

First, plaintiffs are entitled to continue to prosecute their case before the district judge and magistrate judge to whom it has been randomly assigned. Plaintiffs have no desire and would prefer not to have the case reassigned.

Second, from among the multiple officers involved in Mr. Moody's arrest, only a small subset were in any way involved in the Warrens' arrests and prosecutions. While only four individual defendants are named in the *Moody* action, the number of police participants and police witnesses to Mr. Moody's arrest and the events leading up to it will likely require many more police depositions in his action, which would have the potential effect of delaying the Warrens' case and burdening their counsel with attendance at these additional depositions.

Moreover, while consolidating depositions might arguably impart some time-saving benefits to defendants, plaintiffs due not perceive any benefit to them in being required to participate in joint depositions with Moody's counsel and counsel for defendants in the *Moody* case.

The cases defendants cite in support of the theoretical benefits of consolidation are all easily distinguished from the instant situation. *Blyden v. Mancusi*, 186 F.3d 252 (2d Cir. 1999) was a prisoner class action. On the issue of consolidation, the opinion states only that some of the same benefits of class certification can be achieved through consolidation of discovery, which is obviously not a relevant observation for purposes of the two individual plaintiff cases here. *See id.* at 271.

*Chase Manhattan Bank v. Celotex Corp.*, 56 F.3d 343 (2d Cir. 1995) is equally inapplicable. It involved a dispute over damage to a building owned by Chase. The issue before the Circuit was whether Chase's claim was precluded by the doctrine of *res judicata* because a substantially identical lawsuit brought by the prior owner of the building, that had been pending before the same district judge, was abandoned with prejudice. In this context, the Circuit noted that it was an oversight for Chase not to have moved to consolidate its case with that of the prior building owner. *See id.* at 347. Again, the facts and procedural posture of the litigation in *Chase Manhattan* bear no similarity to those of *Warren* and *Moody*.

The two securities cases in *Goldman, Sachs & Co. v. Edelstein*, 494 F.2d 76 (2d Cir. 1974) "rais[ed] identical claims based on substantially the same proof against Goldman, Sachs" and, together with thirteen similar cases, had been consolidated in the Southern District of New York by the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. § 1407. *See id.* at 77. The benefits of consolidation of multi-district litigation has no bearing on the two discrete civil rights cases at issue here.

**BELDOCK LEVINE & HOFFMAN LLP**

      Defendants' examples of consolidation in the civil rights context are likewise completely dissimilar to the current situation. *Fountain, et al. v. City of New York*, 03 Civ. 4526 (RSW) (MHD), was one of 21 separate actions arising out of demonstration-related arrests in 2003 that involved scores if not hundreds of parties and witnesses. Given the expansive nature of this related litigation, cases were consolidated by arrest date for purposes of discovery and consolidated as a whole for purposes of *Monell* discovery. *See* Exhibit B to City's 11/20/08 Letter Motion. The 2004 Republican National Convention arrest cases, consolidated for discovery under *Schiller v. City of New York*, 04 Civ. 7922 (RJS)[1] (JCF) constitute an even more extreme example of sprawling litigation. To date, over 100 cases have been filed, including a putative class action on behalf of all 1800 arrestees. In addition to the hundreds of parties and witnesses involved in these cases, almost every individual action asserts *Monell* claims, requiring significant discovery, based on the Police Department's arrest policies and arrest processing procedures adopted with respect to RNC arrestees. Thus, both *Fountain* and the RNC cases presented the courts with significant logistical and practical challenges to individual case management that simply do not exist with respect to *Moody* and *Warren*.

      Finally, consolidation would not eliminate the necessity of individualized discovery in the two cases.

      For all of the foregoing reasons, plaintiffs oppose formally consolidating discovery in this action with *Moody v. City of New York* and request that the two cases proceed independently and as presently assigned. In the event, the Court remains undecided as to whether or not to deny or grant consolidation, plaintiffs respectfully request oral argument.

                                     Very truly yours,

                                       Myron Beldock
                                       Clare Norins

cc:      Judge Allyne Ross (via hand delivery)
          Judge Sandra L. Townes (via hand delivery)
          Magistrate Judge Viktor V. Pohorelsky (via hand delivery)
          Susan Scharfstein, Esq. (via ECF)
          Elizabeth Daitz (via facsimile)
          Nicole Bellina (via email)

---

[1] Judge Kenneth M. Karas was the assigned District Court judge at the time of the consolidation order. The cases have since be reassigned to Judge Richard J. Sullivan.