

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SUSAN P. SCHARFSTEIN<br>Special Assistant Corporation Counsel<br>212-227-4071<br>Facsimile: (212) 788-8716<br>sscharfs@law.nyc.gov |

December 5, 2008

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  <u>Warren, et al. v. City of New York, et al.</u>, 08 CV 3815 (ARR) (RER)

Dear Magistrate Judge Reyes:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York and Raymond Kelly in the above-referenced action brought pursuant to 42 U.S.C. § 1983. I write with reference to the Court's Order dated November 24, 2008, requesting that the parties advise Your Honor of their positions with respect to the consolidation of this matter for the purposes of discovery with the action now pending in this Court titled <u>Moody v. City of New York, et al.</u>, 08 CV 2587 (SLT) (VVP), which arises out of the same incident.

    As the Court is aware, defendants have fully explained why consolidation of these matters is appropriate in their submission to Magistrate Judge Pohorelsky. In light of the <u>Warren</u> plaintiffs' response of today, there are just a few issues which we wish to briefly address.

    First, the lengthy and self-serving recitation of facts set forth in the <u>Warren</u> plaintiffs' response is not helpful, as the Court's decision as to whether to consolidate is based on the allegations of the respective complaints. Based on those allegations, it is evident that there will be substantial overlap in terms of the discovery and, in particular, the witnesses who are to be deposed.[1] Further, even assuming the accuracy of plaintiffs' version of the facts, it is clear

---

[1] As the Court is aware, plaintiffs have not yet produced unsealing releases pursuant to New York Criminal Procedure Law § 160.50, and defendants have therefore been unable to access the necessary underlying records in the <u>Warren</u> case to formulate even a preliminary position
Continued…

that there is substantial overlap. Neither the Moody plaintiff, who consents to consolidation, nor defendants, should be burdened by the need to appear for depositions twice.[2] Plaintiffs have articulated no comparable prejudice, nor have they articulated how, as a practical matter, the respective judges will avoid the risk of inconsistent rulings on common discovery issues should the actions proceed on separate tracks. The Warren plaintiffs have offered no authority in support of their opposition to consolidation of these cases.

Lastly, the Warren plaintiffs insinuate that they will be somehow prejudiced if this action were to be assigned to Magistrate Judge Pohorelsky for pre-trial oversight, a suggestion that defendants submit is wholly without merit. As the practice is for a consolidation motion to be made in the case assigned the lower docket number, defendants made their motion in the Moody case. Accordingly, the accusation that defendants have engaged in "judge-shopping" is also baseless.

Thank you for your consideration herein.

Respectfully submitted,

/S/

Susan P. Scharfstein

---

concerning discovery. However, for example, on information and belief, there were numerous non-party civilian witnesses to the arrests of the Warrens and Mr. Moody. Accordingly, it may be necessary for those witnesses to be deposed twice if the actions are not consolidated.

[2] The Warren plaintiffs also likely will be subpoenaed to testify as witnesses in the Moody case. The Warrens apparently do not object to appearing for multiple depositions; however, the result will be to burden the defendants and/or Mr. Moody with the cost of additional transcripts.

cc: Honorable Sandra L. Townes (by hand)
     Honorable Allyne R. Ross (by ECF)
     Honorable Viktor V. Pohorelsky (by hand)
     Elizabeth Daitz, Esq. (by hand)
     Nicole Bellina, Esq. (by facsimile at (718) 852-3586)
     Jonathan Moore, Esq. (by ECF)