UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

PM 4550

MICHAEL WARREN & EVELYN WARREN,

                              Plaintiffs,

- against -

THE CITY OF NEW YORK, et al.,

                              Defendant.

NOTICE OF MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. PRO. 45(c)(3)(A)(iii)

08-CV-3815 (ARR) (RER)

PLEASE TAKE NOTICE that, upon the attached affidavit of PHYLLIS MINTZ, an Assistant District Attorney in Kings County, New York, non-party movant CHARLES J. HYNES, District Attorney of Kings County, moves this Court, at the courthouse located at 225 Cadman Plaza, Brooklyn, New York, 11021, at a date and time to be set by the Court, pursuant to Federal Rules of Civil Procedure Rule 45(c)(3)(A)(iii), to quash a subpoena issued by the Clare Norins, of Beldock Levine & Hoffman, on October 9, 2008, and served on the Office of the District Attorney on December 11, 2008, ordering the disclosure of the complete files, including notes by any Assistant District Attorney, relating to the arrest, complaint, initiation of charges, arraignment, and/or prosecution of Michael Warren, Kings County Docket Number 2007KN061707, and Evelyn Warren, Docket Number 2007SK110862.

Dated:   Brooklyn, New York
         December 24, 2008

                                      CHARLES J. HYNES
                                      District Attorney, Kings County
                                      350 Jay Street
                                      Brooklyn, New York  11201
                                      (718) 250-2000

To:   Clare Norins
       Beldock Levine & Hoffman
       99 Park Avenue, Suite 1600
       New York, New York 10016

           Attorney for the Plaintiff

       A.C.C. Susan Scharfstein
       New York City Department of Law
       100 Church Street
       New York, New York  10007

           Attorney for Defendant

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | PM 4550 |

MICHAEL WARREN & EVELYN WARREN,

                      Plaintiffs,

- against -

THE CITY OF NEW YORK, et al.,

                      Defendant.

AFFIDAVIT IN SUPPORT
OF MOTION TO QUASH

08-CV-3815 (ARR) (RER)

STATE OF NEW YORK )
                        ) SS:
COUNTY OF KINGS   )

      PHYLLIS MINTZ, an attorney admitted to practice in the State of New York and before this Court and an Assistant District Attorney in the office of Charles J. Hynes, District Attorney for the County of Kings, State of New York, hereby affirms the following under penalty of perjury:

      1.    I submit this affirmation in support of the motion by Kings County District Attorney (hereinafter nonparty "movant") to quash a subpoena for records directing this office to disclose the complete files, including notes by any Assistant District Attorney, relating to the arrest, complaint, initiation of charges, arraignment, and/or prosecution of Michael Warren, Kings County Docket Number 2007KN061707, and Evelyn Warren, Docket Number 2007SK110862.

2. The statements in this affidavit are made upon information and belief, based on the records of the Kings County District Attorney's Office and my conversation with Assistant District Attorney Theresa Shanahan.

3. As an initial matter, movant seeks to quash that portion of this subpoena demanding the disclosure of Docket Number 2007SK110862, relating to the desk appearance ticket alleged to have been issued to Evelyn Warren. Desk appearance tickets are created by the issuing officer and filed with the court by the Police Department. The Office of the District Attorney does not maintain files for desk appearance tickets.

4. Pursuant to the Federal Rules of Civil Procedure Rule 34(a), a request for the production of documents within the scope of Federal Rules of Civil Procedure Rule 26 is limited to documents that are in the possession, custody, or control of the party upon whom the request is served. See Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 155-56 (S.D.N.Y. 2007); Convermat Corp. v. St. Paul Fire & Marine Ins. Co., CV-06-1045 (JFB) (AKT), 2007 U.S. Dist. LEXIS 69102 at *4-5 (E.D.N.Y. Sept. 18, 2007). Inasmuch as documents relating to Evelyn Warren, Docket Number 2007SK110862, are not within the possession or control of movant, this Court should quash this portion of plaintiffs' subpoena.

5.  Movant seeks to quash the subpoena for documents contained in the file relating to Michael Warren, Kings County Docket Number 2007KN061707 on the ground that the demand is overly broad. The scope of a federal subpoena is defined by the scope of discovery in Federal Rules of Civil Procedure Rule 26. Rule 26(b)(1) states, in relevant part, as follows: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26(b)(1) provides for broad discovery, but courts, nevertheless, "should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition." Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); see also Dyber v. Quality King Distribs., No. CV-06-735(LDW)(AKT), 2006 U.S. Dist. LEXIS 89707 at *7-9 (E.D.N.Y. Dec. 12, 2006). Plaintiffs have not narrowed their demands to documents that are relevant to their lawsuit. Accordingly, the subpoena should be quashed on this ground.

6.  Second, the subpoena demands the production of privileged and protected documents. Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides, in pertinent part, that "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies" (emphasis added).

7.  New York Civil Procedure Law and Rules section 3101(c) provides that "The work product of an attorney shall not be obtainable." See also Fed Rules

3

Civ. Proc. R 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial"). Accordingly, unless plaintiffs can establish that some exception or waiver applies, movant asks that, if this Court declines to quash this subpoena in its entirety, any order modifying the subpoena excludes such documents.

8. Fourth, criminal history reports (NYSID or "RAP" sheets) are documents that are expressly protected from disclosure under various statutory provisions. See N.Y. Exec. Law § 837(8); 9 N.Y.C.R.R. § 6150.4(b)(6). In addition, the documents are generated by the New York State Division of Criminal Justice Services ("DCJS"), a New York State agency that is separate, distinct, and independent from respondent. In exchange for access to the criminal history records that it prepares, DCJS requires an assurance from this office that the records will not be disseminated or otherwise disclosed to the public. If this office were to disclose these records pursuant to this subpoena, DCJS could restrict, limit, or even terminate our access to these records – records that are vital to the prosecution of criminal cases. Such a result would work an unreasonable hardship upon the Office of the District Attorney and adversely impact the administration of justice. Accordingly, unless plaintiffs can establish that some exception or waiver applies, movant asks that, if this Court declines to quash this subpoena in its entirety, any order modifying the subpoena excludes such documents.

9. Fifth, the names, addresses, and other identifying information regarding civilian nontestifying civilian witnesses are protected from disclosure by the state public interest privilege. If civilian witnesses believed that their identities were liable to be disclosed, they would be discouraged from coming forward and providing information in criminal cases. Thus, the release of personal and/or identifying information would impede the law enforcement capabilities of this office and hamper future efforts to secure the cooperation of informants and witnesses. See Sanchez v. New York, 201 A.D.2d 325, 326 (1st Dep't 1994); see also Knight v. Gold, 53 A.D.2d 694 (2d Dep't 1976); Martinez v. New York, 128 Misc. 2d 789 (Ct. of Claims of N.Y. 1985). Accordingly, unless plaintiffs can establish that some exception or waiver applies, movant asks that, if this Court declines to quash the subpoena in its entirety, any order modifying the subpoena permits the redaction of names, telephone numbers, addresses, social security numbers, and birthdays of all nontestifying civilian witnesses.

10. Finally, movant requests that a photocopying fee of $1 per page be imposed.

WHEREFORE, the movant requests that this Court grant the instant motion to quash the subpoena <u>duces</u> <u>tecum</u>.

Dated:    Brooklyn, New York
December 24, 2008

*Phyllis Mintz*
Phyllis Mintz
Assistant District Attorney
(718) 250-2520

Sworn to before me this
24th day of December, 2008

*Robert W. Ho*
ROBERT W. HO
Notary Public, State of New York
No. 01HO6026162
Qualified in New York County
Commission Expires June 07, 2011

6

## Certificate of Service

I hereby certify that on November 19, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties:

Clare Norins
Beldock Levine & Hoffman
99 Park Avenue, Suite 1600
New York, New York 10016

    Attorney for the Plaintiff

A.C.C. Susan Scharfstein
New York City Department of Law
100 Church Street
New York, New York  10007

    Attorney for Defendant

*Phyllis Mintz* (signature)
Phyllis Mintz
Assistant District Attorney
Office of the District Attorney of Kings County
350 Jay Street
Brooklyn, New York  11201
(718) 250-2520