# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE
### NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
MELVIN L. WULF
ROBERT J. EPSTEIN

REF:

WRITER'S DIRECT DIAL:
(212) 277-5882

May 7, 2009

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: *Warren v. City of New York, et al.*
       Case No. 08-CV-3815 (ARR) (RER)

Dear Judge Reyes:

  As counsel for plaintiffs, I write in anticipation of the telephone conference scheduled for tomorrow, May 8, 2009, at 11:15 a.m. to outline the discovery issues the parties have been unable to resolve. The parties have exchanged letters on these issues and also discussed them today.

### Discovery Not Yet Produced

  Defendants have not yet produced the following discovery requested over three months ago on January 26, 2009: (1) audio recordings of the 911 and radio transmissions related to plaintiffs' arrests on June 21, 2007, (2) notes, transcriptions and/or recordings made in connection with the NYPD's interviews of Freddy Moody on June 21, 2007 and June 22, 2007[1] and (3) information/documents relating to any further investigation, departmental proceedings or discipline against Sgt. Talvy pursuant to the CCRB's having substantiated, in August 2008, complaints against him for force and discourtesy in connection with plaintiff's arrests. In order to have some finality to document production so that depositions may begin, plaintiffs request that the Court order by a date certain production of these items or else a representation from defense counsel that none exist.

---

[1] Plaintiffs were assaulted and arrested by the defendant officers after plaintiffs protested the officers' use of force in affecting Mr. Freddy Moody's arrest.

BELDOCK LEVINE & HOFFMAN LLP

## Protective Order

Defendants want a protective order in place before they produce any personnel records or discipline and complaint histories concerning the defendant officers. Accordingly, on March 24, 2009, plaintiffs forwarded to defense counsel a signed Stipulation and Protective Order. Defense counsel has stated that this protective order is not acceptable, in the more than six week's time since plaintiffs forwarded the protective order, defendants have not suggested any modifications or alternatives. Just today, defendants indicated they would do so by May 18. Plaintiffs request that the Court so-order May 22 as the date by which the parties shall have agreed to a protective order or shall have submitted their competing objections to the Court for resolution.

## Discipline and Complaint History of Defendant Officers

Plaintiffs' Interrogatories 19, 20 & 21 and Document Requests 21 & 23 call for the identification and production of all CCRB and IAB complaints against the individual defendants and related investigative files, as well as the defendants' disciplinary history and records. Defendants have agreed to produce, subject to a protective order, responsive information and materials for allegations of similar misconduct to that alleged in plaintiffs' complaint but only for a period of 10 years preceding the date of plaintiffs' arrests concerning substantiated complaints and only for a period of 5 years preceding the date of plaintiffs' arrests concerning unsubstantiated complaints. Defendants also intend to seek copying costs from plaintiffs for this discovery. This has given rise to the following disputes.

*Not Appropriate to Limit Discovery of Complaint/Disciplinary Histories to Five or Ten Years Prior to Plaintiffs' Arrests*

"[T]he age of . . . complaints does not render the records less likely to lead to relevant or admissible evidence. . . CCRB investigations older than ten years may still be relevant to the current action, for example, to establish a pattern or knowledge, and should not be barred from discovery based solely on their age." Barrett v. City of New York, 237 F.R.D. 39, 40-41 (E.D.N.Y. 2006). See Frails v. City of New York, 236 F.R.D. 116, 118 (E.D.N.Y. 2006); Bradley v. City of New York, 2005 WL 2508253, at *3 (S.D.N.Y. Oct. 3, 2005) ("We also reject defendants' argument that any complaint that was filed more than ten years ago should be ignored.").

Further, allegations of wrong-doing that post-date the incident at issue in the lawsuit are likewise discoverable as they constitute or lead to evidence showing "pattern, intent, absence of mistake, etc." Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990) (upholding admission of evidence of police abuse that occurred subsequent to plaintiff's alleged event). See McKenna v. Incorporated Village of Northport, 2007 WL 2071603, *8 (E.D.N.Y. July 13, 2007) (ordering production of complaints that post-date incident at issue); Wisniewski v. Claflin, 2007 WL 1120464, at *4-5 (E.D.N.Y. Apr. 16, 2007) (same); Barrett, 237 F.R.D. at 41 (same); Moore v. City of New York, 2006 WL 1134146, at *1 (E.D.N.Y. Apr. 27, 2006) (same); Montalvo v. Hutchinson, 837 F.Supp.

2

BELDOCK LEVINE & HOFFMAN LLP

576, 581 (S.D.N.Y. 1993) (same). Plaintiffs therefore request that the Court order production for all allegations and discipline against the defendant officers for similar misconduct, both before and after June 21, 2007.

*Use of Profanity/Discourtesy by Defendant Talvy Constitutes Similar Misconduct*

The CCRB substantiated a complaint of discourtesy against defendant Sergeant Talvy in connection with plaintiffs' arrests. Prior complaints against defendant Sergeant Talvy for use of profanity or discourtesy -- of which there are at least five according to CCRB records produced in the plaintiffs' criminal case -- therefore constitute similar alleged misconduct. Although use of profanity or discourtesy does not give rise to a separate legal claim against Talvy, it is nonetheless probative of plaintiffs' allegation that Talvy responded in a heated, unprofessional manner to plaintiffs' lawful criticism of the police, culminating in his assaulting plaintiffs, arresting plaintiff Michael Warren and ordering the arrest of plaintiff Evelyn Warren. Plaintiffs therefore request that the Court order that for purposes of this case, similar misconduct shall include any allegations against Sergeant Talvy for profanity or discourtesy.

*Costs Should Not Be Assessed Against Plaintiffs*

Plaintiffs ask that defendants be precluded from seeking to charge plaintiffs for the cost of producing the defendant officers' complaint and disciplinary histories. This discovery is clearly relevant to plaintiffs' individual claims and routinely produced in police misconduct cases. See Frails, 236 F.R.D. at 117-118 ("Evidence of prior acts of similar misconduct may be introduced at trial to prove intent. Fed. R. Evid. 404(b). Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable."); Pacheco v. City of New York, 2006 WL 648057, at *1 (E.D.N.Y. Mar. 13, 2006) (ordering production of both substantiated and unsubstantiated allegations and noting that "plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial. . . ."); Bradley, 2005 WL 2508253, at *2 (It is self-evident that misconduct allegations and follow-up investigations of such accusations may – depending on the nature of the accusations – be highly relevant to the claims and defenses in [the] case."); Fountain v. City of New York, 2004 WL 941242, at *2 (S.D.N.Y. May 3, 2004).

Defendants have provided no authority for their proposition that plaintiffs should be made to bear the cost of production of this basic and fundamental discovery that is routine in any police misconduct case.

### Personnel Files for Each of the Defendant Officers

Plaintiffs' Document Request 24 seeks certain specified materials from all personnel files for each of the defendant officers. Defendants have objected on a variety of grounds, agreeing only to produce the officers' performance evaluations, subject to a protective order, and if plaintiffs pay for the cost or production. See Pltffs' Doc. Request

3

BELDOCK LEVINE & HOFFMAN LLP

24 and Defts' Objections and Response, attached as Exhibit B.

Defendants' relevance objection is not appropriate in light of the long-standing case law holding that personnel records of defendant police officers to be discoverable in civil rights litigation. See generally King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988). Nor have defendants adequately asserted any privilege that would justify withholding the requested documents. See United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir.) ("A party asserting [a] privilege must establish the essential elements of the privilege . . . [and] if the party . . . does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, [its] claim will be rejected." ), cert. denied, 519 U.S. 927 (1996); King, 121 F.R.D. at 189 (privilege assertions over police personnel records must be accompanied by "a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration. This statement must be based on personal review of the documents by an official in the police agency (not the defendants' attorney) and must explain (not merely state conclusorily) how the materials at issue have been generated or collected; how they have been kept confidential; what specific interests (e.g., of the police officers, of law enforcement, or of public concern) would be injured by disclosure to plaintiff, to plaintiff's attorney, and to the public; and the projected severity of each such injury.") (internal quotations and citation omitted).

Defendants also object to Request No. 24 as vague and over-broad. However, the Request is very specific in detailing the kinds of documents plaintiff seek. Plaintiffs therefore request that defendants be ordered to produce by a date certain the requested personnel files and precluded from seeking costs from plaintiffs for this basic discovery production.

### Improperly Redacted Information

Defense counsel have redacted from their document production information concerning the individual defendants' evaluations, arrests, Internal Affairs Bureau investigations, CCRB complaints, etc. See NYC 319-326, 403, attached as Exhibit C. This information is discoverable for the same reasons given above concerning officers' complaint and disciplinary histories. See King v. Conde, supra. Plaintiffs request unredacted versions of the noted documents.

Defendants have also redacted background information pertaining to certain civilian witnesses interviewed by the IAB concerning plaintiffs' arrests. See NYC 340, 366, 377, attached as Exhibit D. This information is relevant to the witnesses' credibility and motive, particularly if defendants intend to rely on these witnesses. Defense counsel do not object to unredacting this information pursuant to a court order. Plaintiffs therefore request such an order.

4

BELDOCK LEVINE & HOFFMAN LLP

### *Monell*-Related Discovery Responses

In response to each of plaintiffs' *Monell*-related interrogatories and document requests, attached as Exhibit E, defendants have provided only the following response, verbatim for each request:

> Defendants object to this [request] on the grounds that it is vague, ambiguous, overly broad, unreasonably burdensome, assumes facts that have not been established, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. If necessary, defendants will seek a Court order sequencing discovery pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

To the contrary, plaintiffs' *Monell* discovery requests are both specific and tailored to obtain the information and documents necessary to prove the de facto policies and/or well-settled and widespread customs and practices alleged by plaintiffs. See First Amended Complaint at ¶ 107, et seq., included in Exhibit C. The facts giving rise to plaintiffs' pleading of these de facto policies, customs and/or practices are set forth in considerable detail in the First Amended Complaint at paragraphs 110, 111(a)-(n) and 112.

On April 29, 2009, Ms. Scharfstein requested "all concrete information on which plaintiffs rely in support of their *Monell* claim so that we can evaluate our position" concerning whether to move for bifurcation of *Monell* discovery. It is not, however, plaintiffs' burden to produce proof of *Monell* liability but only to make a factual pleading as to the basis for believing the alleged policy, practice or custom exists, which plaintiffs have amply done. Moreover, the documents underlying plaintiffs' detailed factual allegations are already in the Police Department's possession, available through publicly accessible websites (cited in complaint) or through PACER, or have already been produced by plaintiffs in discovery.

Plaintiffs therefore request that defendants be ordered to provide responses to their *Monell* requests.

### Request for Documents Relating to *Holloway* Case

In a supplemental document request, plaintiffs asked the City to produce both the CCRB file as well as documents generated in connection with the Police Department disciplinary trial underlying the case of *Holloway v. City of New York*, Index No. 012525/2003 (Sup. Ct. Kings Co.). This case, which settled at the end of 2008 for $1 million, involved facts very similar to plaintiffs'. Mr. Holloway, a bystander, objected to the conduct of narcotics officers from the 60th Precinct who were beating an arrestee outside of his apartment building. In response, the officers assaulted Mr. Holloway and arrested him for allegedly being drunk and disorderly and interfering in the first arrest. The CCRB sustained charges against the primary defendant, an Officer Carnaby, but he

BELDOCK LEVINE & HOFFMAN LLP

was exonerated after a departmental trial. This case supports each of the de facto policies, customs and/or practices plead in plaintiffs' complaint. See Ex. A - First Amend. Compl. at ¶ 107, et seq.

Again, attempting to turn discovery on its head, Ms. Scharfstein on April 29 refused to produce any City or NYPD documents relating to the Holloway case but yet asked plaintiffs to produce all documents or information in their possession relating to same. Plaintiffs have no documents. Information pertaining to the case was obtained orally from John Nonnenmacher of Bader, Yakaitis, and Nonnenmacher LLP, who represented Mr. Holloway.

Plaintiffs request that defendant City of New York be ordered to produce the CCRB file related to Mr. Holloway's complaint, as well as documents generated in connection with the Police Department trial of Officer Carnaby.

Thank you for your consideration in these matters.

Very truly yours,

Clare Norins

Cc.   Susan Scharfstein, Esq. (via ECF & fax)
      Anthony DiFiore, Esq. (via fax)