# BELDOCK LEVINE & HOFFMAN LLP

## 99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS
MELVIN L. WULF
ROBERT J. EPSTEIN

REF:

(212) 277-5882
WRITER'S DIRECT DIAL:

May 28, 2009

**VIA ECF**

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Warren v. City of New York, et al.*
Case No. 08-CV-3815 (ARR) (RER)

Dear Judge Reyes:

As counsel for plaintiffs, I write concerning defendants' proposed protective stipulation and order ("protective order"). The parties met and conferred by phone and email on Tuesday, May 26 and were able to resolve some issues. Those we could not resolve are set forth below.[1]

Mutuality

As written, the protective order applies only to certain documents that defendants will be producing such as personnel and disciplinary files of the individual defendant officers. Plaintiffs proposed revisions to the order, which defendants wholly rejected, that would make it mutual so as to also cover plaintiffs' medical and mental health records, particularly any records not directly related to treatment received for injuries stemming from the events at issue in the lawsuit should such records have to be produced.

It is inefficient and unnecessary to have multiple protective orders in the same case. Moreover, as the parties, and now the Court, have had to spend time and effort devising a protective order, it would be a waste of resources to have to go through this

---

[1] I had hoped to submit this letter after defendants had filed their proposed protective order and accompanying letter to the Court as I have no clean copy of the proposed order to attach. As it is now after 6:30 p.m. and defendants had not yet filed any submission, I am proceeding with this filing in order to comply with today's deadline for raising issues concerning the protective order. I assume that defendants' submission will include the proposed order.

BELDOCK LEVINE & HOFFMAN LLP

process a second time for plaintiffs' documents.

Defendants have argued that plaintiffs do not need a protective order for medical and mental health records because HIPAA prevents defendants from distributing those records. However, even assuming this to be true, HIPAA is not co-extensive with a protective order. Among other things, HIPAA does not address how medical and mental health records will be handled at the conclusion of the litigation or how records discussed or used as exhibits at a deposition will be dealt with. Thus, plaintiffs request that the Court order that any protective stipulation and order in this case be mutual.

**Paragraph 1(a)**

If plaintiffs' request for mutuality is granted, plaintiffs also ask that paragraph (1), clause (a), be revised to state that "documents shall not be deemed 'Confidential Materials' to the extent, and only to the extent, that they are (a) lawfully obtained and received by a party from sources other than an opposing party and without a release from that opposing party."[2] Otherwise, as drafted by defendants, that clause excludes from the "Confidential" category, plaintiffs' medical or mental health records that defendants receive directly from non-party providers pursuant to a release from plaintiffs.

**Paragraph 4(a)**

This paragraph prohibits disclosure of "Confidential" or "Attorneys' Eyes Only" materials to any person not a member of the staff of the counsel of record, except "if necessary to the preparation or presentation of their cases in this action." Plaintiffs request that this be amended to state: except "for the purpose of the preparation or presentation of their cases in this action." "Necessary to" is overly restrictive and invites a quibble about what is "necessary," whereas "for the purpose of" mirrors the intent and language found elsewhere in the protective order and even the same paragraph. *See, e.g.*, ¶¶ 4, 4(c), 5.[3]

**Paragraphs 4(b) & 5**

Paragraph 4(b) limits disclosure before trial of "Confidential" or "Attorneys' Eyes Only" materials to the parties, experts and "a witness at a deposition subject to the provisions of paragraph 5 below, or to the Court."

---

2The stipulation currently reads: "documents shall not be deemed 'Confidential Materials' to the extent, and only to the extent, that they are (a) lawfully obtained and received by plaintiffs from sources other than defendants."

3During the May 26 meet and confer, defense counsel indicated she may consent to this revision of paragraph 4(a) but needed to think about it and would get back to me. I heard nothing further from her on this point.

BELDOCK LEVINE & HOFFMAN LLP

Paragraph 5, in turn, states: "Counsel for plaintiffs and co-defendants shall make disclosures of materials that are designated 'Confidential Materials' solely for the purpose of the preparation or presentation of this action. [This is redundant of Paragraph 4(a).] In the event that a conflict arises between or among the parties as to whether information or documents may be disclosed to a deponent, counsel agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard."

The restriction of only being able to show "Confidential" materials to a witness *at* a deposition, and then only if defendants don't object, is overly restrictive. It prevents plaintiffs (or the parties, if the order is mutualized) from being able to use "Confidential" materials to prepare a witness for a deposition or to testify at trial. It also invites disruption of depositions because of disputes over whether a "Confidential" document can be shown to a particular witness.

Plaintiffs therefore request that paragraph 4(b) be revised to allow disclosure to "a witness at a deposition or in preparation for testifying at a deposition or at trial," and that paragraph 5 be deleted.

Defendants rejected these revisions, claiming that they would allow disclosure of "Confidential" materials to, theoretically, hundreds of witnesses. This hypothetical concern has no foundation in fact. This is not a case involving hundreds of witnesses. Moreover, before showing any witness "Confidential" material(s), the protective order requires that the witness first read the protective order and agree in writing to abide by its terms. *See* ¶ 4(c). Thus, there is no reason for defendants to believe that permitting disclosure of "Confidential" material(s) to witnesses in preparing them for a deposition or to testify at trial will result in broad dissemination of the "Confidential" materials.

**Paragraph 4(c)**

This paragraph provides that before "Confidential" materials are disclosed to any person listed in paragraph 4(b), that person must read the protective order and agree in writing to abide by its terms. Paragraph 4(c)goes on to require that the executed acknowledgment then be automatically forwarded to counsel for defendants (or counsel for the opposing parties, if the order is mutualized), except that names of consulting experts may be redacted on the forwarded copies.

Plaintiffs object to having to automatically provide copies of the executed acknowledgments to opposing counsel, both because it creates extra, unnecessary work and because it invades the work-product privilege by alerting opposing counsel to the identities of witnesses the other side is meeting with and the approximate time in the litigation when those meetings are taking place.

Plaintiffs therefore request that paragraph 4(c) be modified so as to require counsel only to retain the executed acknowledgments. Should an issue of improper disclosure ever arise, the acknowledgments would then be available to be produced either to opposing counsel and/or the Court.

3

BELDOCK LEVINE & HOFFMAN LLP

Thank you for your consideration in these matters.

Very truly yours,

Clare Norins

Cc.    Susan Scharfstein, Esq. (via ECF)
       Anthony DiFiore, Esq. (via ECF)

4