Case 1:08-cv-03815-ARR-RER   Document 44   Filed 06/04/09   Page 1 of 7
Case 1:08-cv-03815-ARR-RER   Document 41   Filed 05/28/2009   Page 6 of 29

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

MICHAEL WARREN and EVELYN WARREN,

        Plaintiffs,

-against-

THE CITY OF NEW YORK, a municipal entity;
NEW YORK CITY POLICE COMMISSIONER
RAYMOND KELLY; NEW YORK CITY POLICE
SERGEANT STEVEN TALVY (Shield No. 5408);
NEW YORK CITY POLICE OFFICER JOSEPH
TILLOTSON (Shield No. 30215; NEW YORK
CITY POLICE OFFICER JOHN ACCONI (Shield
No. 5075); NEW YORK CITY POLICE OFFICER
MIRABEL SARANTE (Shield No. 10211), NEW
YORK CITY POLICE OFFICER ANTHONY
CAROZZA (Shield No. 16222), individually and in
their official capacities; and JOHN DOES 1-10, New
York City Police Officers, Supervisors and/or
Commanders, individually and in their official
capacities,

        Defendants.

**PROTECTIVE ORDER FOR CONFIDENTIAL AND "ATTORNEYS' EYES ONLY" MATERIALS**

08 CV 3815 (ARR) (RER)

(filed by ECF)

------------------------------------------------------------------x

  **WHEREAS,** plaintiffs have requested that the City of New York provide information and disclose sensitive and private information and documents relating to the personnel and disciplinary files of the individually-named defendants;

  **WHEREAS,** defendants deem this information sensitive and confidential information which implicates the privacy and security interests of the individuals concerned;

  **WHEREAS,** defendants object to the disclosure of this information and production of any documents containing this information unless appropriate protection for its confidentiality is assured; and

**WHEREAS**, plaintiffs have also requested that defendants produce documents containing information related to non-party witnesses that is also of a private and sensitive nature and that may be sealed pursuant to the provisions of New York Criminal Procedure Law § 160.50 in this action that the Court has deemed shall be for **ATTORNEYS' EYES ONLY** by Order dated May 13, 2009;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants as follows:

1. As used herein, "Confidential Materials" shall mean the performance evaluations, personnel records, disciplinary records, records concerning allegations of misconduct against the defendants officers whether or not substantiated, and any other documents that the defendants may in the future deem "Confidential Materials" pursuant to this Order because of privacy, security, law enforcement, or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) lawfully obtained and received by plaintiffs from sources other than [an opposing party and without a release from that oppos. ny pty)] defendants, or (b) are otherwise lawfully publicly available. "Confidential Materials" shall also include any other documents that the Court directs be produced subject to this Order designated as such.

2. As used herein, "Confidential Materials – Attorneys' Eyes Only" shall mean documents containing the information of non-parties that is of a private and sensitive nature and that may be sealed pursuant to the provisions of New York Criminal Procedure Law § 160.50 that, by Order dated May 13, 2009, the Court has designated be produced for **ATTORNEYS' EYES ONLY**, and to be disseminated only to counsel of record in this action. "Confidential Materials – Attorneys' Eyes Only" shall also include any other documents that the Court directs be produced subject to this Order designated as such.

2

3. Defendants shall designate in good faith particular documents "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" by labeling such documents accordingly and/or by designating such documents in writing directed to counsel for plaintiffs and co-defendants. Defendants reserve the right to designate any documents "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents. If counsel for plaintiffs or co-defendants object to the designation of particular documents as "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only," he or she shall state such objection in writing to counsel for defendants, and counsel for the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the objecting party shall, within thirty days of objecting, move for an order challenging such designation. Unless and until the Court rules otherwise, the documents and information shall remain "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the provisions of this protective order.

4. Counsel for plaintiffs and co-defendants shall not disclose the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" or information derived therefrom for any purpose other than the preparation or presentation of this action. Counsel for plaintiffs or co-defendants shall not disclose the "Confidential Materials – Attorneys' Eyes Only" to plaintiffs or to any person other than counsel of record in this action. Counsel for plaintiffs and co-defendants shall not disclose the "Confidential Materials" to any person not a member of the staff of their law office, except under the following conditions:

(a) Disclosure may be made only [for the purpose of] ~~if necessary to~~ the preparation or presentation of their cases in this action;

(b) Disclosure before trial may be made only to the parties, to an expert or experts who have been retained or specially employed by counsel of record in this action in

3

anticipation of litigation or preparation for this action, to a witness at a deposition [or in preparation for testifying at a deposition or trial] subject to the provisions of paragraph 5 below, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above, with the exception of the Court, counsel shall provide each such person with a copy of this Stipulation and Protective Order, and each such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the preparation or presentation of their case in this action and not to further disclose the Confidential Materials except in testimony taken in this case. The original signed consents shall be retained by counsel of record for the plaintiffs or co-defendants and copies provided to counsel for [plaintiffs or co-defendants prior to the deposition of any such person], with the exception of non-attorney consulting experts who are hired and specially retained for the litigation within the meaning of Federal Rule 26(b)(4)(B). In the case of such consulting experts, the names of the experts shall be redacted from the copies of the written consents provided to defendants' counsel and should state that a consulting expert executed the agreement and the name of the attorney who redacted the written agreement. Counsel for the plaintiffs or co-defendants shall retain the original agreements executed by the consulting experts for inspection by the Court if needed.

5. Counsel for plaintiffs and co-defendants shall make disclosures of materials that are designated "Confidential Materials" solely for the purpose of the preparation or presentation of this action. In the event that a conflict arises between or among the parties as to whether information or documents may be disclosed to a deponent, counsel agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

6. Deposition testimony concerning any "Confidential Materials" that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page

4

prominently marked "CONFIDENTIAL MATERIALS." Such portion of the transcript shall be deemed to be "Confidential Materials" within the meaning of this Stipulation and Protective Order.

7. Where any document containing the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" information is used or addressed in court submissions or produced at a trial on the merits in this matter, subject to due consideration of its admissibility to be made by the Court, the parties may agree in writing that the redaction of personal, confidential and/or identifying information will be sufficient to protect the interests of the parties and/or non-parties and, in such cases, redacted copies of documents may be used without further order of the Court.

8. If any party intends to file the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" with the Court, in conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the materials at trial, the party seeking to do so must first present the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" to the Court for a ruling on whether the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" shall be filed under seal in keeping with the provisions of Administrative Order 2004-05 of the United States District Court for the Eastern District of New York.

9. If any paper which incorporates or reveals the contents of any "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" information is filed with the Court under seal, those portions of the papers shall be delivered to the Clerk of Court enclosed in a sealed envelope in compliance with the Clerk's procedures for filing under seal and Administrative Order 2004-05 of the United States District Court for the Eastern District of New York.

10. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only," including all copies, notes, non-conforming copies and notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for defendants or, upon their written consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to counsel for defendants specifying that no copies were made of the documents and, if destroyed, the manner in which the documents were destroyed.

11. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the "Confidential Materials" or "Confidential Materials – Attorneys' Eyes Only" in any manner consistent with law.

12. Nothing in this Stipulation and Protective Order shall affect the parties' obligations with regard to filing under seal pursuant to Administrative Order 2004-05 of the United States District Court for the Eastern District of New York.

13. The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
____6/4____, 2009

SO ORDERED:

s/ RER

RAMON E. REYES, U.S.M.J.

## EXHIBIT A

The undersigned hereby acknowledges that he or she has read the Protective Order for Confidential and Attorneys' Eyes Only Materials entered in the United States District Court for the Eastern District of New York on _____, 2009, in the action entitled <u>Warren, et al. v. City of New York, et al.</u>, 08 CV 3815 (ARR) (RER), and understands the terms thereof. The undersigned agrees not to use the "Confidential Materials" received pursuant to the Stipulation and Order as defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the "Confidential Materials."

_____          _____
Date                                                              Signature

                                                    _____
                                                    Print Name

                                                    _____
                                                    Occupation