BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE
NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER*
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
VERA M. SCANLON
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◇

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS

REF:

WRITER'S DIRECT DIAL·
ALSO ADMITTED IN·
*CALIFORNIA
△ILLINOIS
• FLORIDA
◇NEW JERSEY

May 3, 2011

**SUBMITTED VIA ECF**

Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Warren v. City of New York, et al.*
                      Case No. 08-CV-3815 (ARR) (RER)

Dear Judge Ross:

      We write regarding the jury instructions in this case.

      We will submit a new set of proposed charges on Friday. We write today to answer three questions posed by the Court. We apologize for our late submission.

      I.      Extent of First Amendment Claim

      Actions by the police which interfere with the free exercise of First Amendment rights are actionable under the First Amendment. *Hague v. CIO*, 307 U.S. 496 (1939). *See also*, *Jones v. Parmley*, 465 F.3d 46, 58 (2d Cir. 2006). Arresting and using unreasonable force against individuals, like the Warrens, who happened upon the scene of police activity, and who made comments about that police activity being witnessed, without interference with those duties, would makes out, *inter alia*, a First Amendment claim. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008); *Skop v. City of Atlanta*, 485 F.3d 1130 (11th Cir. 2007); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409 (2nd Cir. 1999); *Know v. Southwest Airlines*, 124 F.2d 1103 (9th Cir. 1997).

      Even if the claim is viewed as a retaliation claim, we submit that the elements of the First

Amendment Claim should require the plaintiffs to prove only the following elements: (1) the plaintiffs engaged in protected speech, (2) the speech was a substantial or motivating factor in the actions taken by the defendants, that is, the arrest of the plaintiffs, and (3) the plaintiffs suffered damages.

Plaintiffs should not be required to prove a lack of probable cause to succeed on their First Amendment Claim. While a plaintiff in a retaliatory prosecution case is required to make such a showing, a plaintiff in a retaliatory arrest case is not required to do so. The Supreme Court determined that a plaintiff alleging a retaliatory prosecution must prove the absence of probable cause in *Hartman v. Moore*, 547 U.S. 250, 126 S. Ct. 1695 (2006). The Supreme Court added this required element because of "the need to prove a chain of causation from animus to injury, with details specific to retaliatory-prosecution cases." *Id*. at 259. The court reasoned that the plaintiff must show a causal connection between the retaliatory animus of an *investigator*, who provides information to a prosecutor, and the subsequent injury caused by the *prosecutor's* decision to prosecute the plaintiff. *Id.* at 259, 261-62. The court specifically noted that retaliatory prosecution cases are different than "ordinary retaliation claims" because in ordinary claims "the government agent allegedly harboring the animus is also the individual allegedly taking the adverse action." *Id*. at 259. The court repeatedly emphasized this distinction, stating "the causal connection required here is not merely between the retaliatory animus of one person and that person's own injurious action, but between the retaliatory animus of one person and the action of another." *Id.* 262. It was this "distinct problem of causation" in retaliatory prosecution cases that caused the court to institute a requirement that the plaintiff show the absence of probable cause in those cases. *Id.* 263.

Since *Hartman* many courts have determined that when an arrest is made on the scene by the officer who is alleged to act with retaliatory intent, and the claim is that the arrest itself was made in retaliation, the plaintiffs need not prove an absence of probable cause. For example, in *Hrichak v. Kennebec County Sheriff*, 2007 U.S. Dist. LEXIS 30012, *22-23 (D. Me. Apr. 24, 2007), the court wrote

> I am simply not convinced that the rationale of *Hartman* applies to a claim… against the arresting officers involved in a spur-of-the-moment, warrant-less arrest. First, when the motivation under scrutiny is the officers' who are making an on-the-spot decision to arrest, there is really not a 'distinct body of highly valuable circumstantial evidence available and apt to prove or disprove retaliatory causation.' *Hartman*, 126 S.Ct. at 1704. Second, 'the difference in the requisite causation between the defendant's retaliatory animus and the plaintiff's injury' is no 'more complex than it is in other retaliation cases,' id. at 1704, as there is no need to build 'a bridge' between the probable cause decision-maker and the complained of act of retaliation, compare id. at 1704-06.

Similarly, in *Skoog v. County of Clackamas*, 469 F.3d 1221, 1233-1234 (9th Cir. 2006), the court held that in an action claiming that a search and seizure was done in retaliation, the plaintiff was not required to prove the absence of probable cause, because the claim "[did] not involve multi-layered causation as did the claim in *Hartman*." The *Skoog* Court stated, "an important fact distinguishes the situation in this case from that in *Hartman*: Royster retained control over the allegedly retaliatory action (the search and seizure)…[c]ausation thus turns on his actions alone

and no 'bridge' between motive and action is necessary. Thus, the rationale for requiring the pleading of no probable cause in *Hartman* is absent here. This case presents an 'ordinary' retaliation claim." *See Also CarePartners LLC v. Lashway*, 545 F.3d 867, 877 n. 7 (9th Cir. 2008).

Lack of probable cause is not an element of an ordinary First Amendment retaliation claim brought by a private citizen in the Second Circuit. "To establish a retaliation claim under section 1983, a plaintiff 'initially [must] show that [his] conduct was protected by the first amendment,' and that defendants' conduct was motivated by or substantially caused by his exercise of free speech" *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (internal citations omitted). "To establish a retaliation claim under § 1983 in this case, Dougherty must show that (1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. N.Y. 2002). *See Also Dotson v. Farrugia*, 2012 U.S. Dist. LEXIS 41195 (S.D.N.Y. Mar. 26, 2012) ("A First Amendment retaliation claim is premised upon the plaintiff pleading, with plausibility, that he 'engaged in protected speech, and that the speech was a substantial or motivating factor in an adverse decision taken by the defendant'"). Thus, the plaintiffs need only establish that their speech was protected, and that their arrest was motivated or substantially caused by their exercise of free speech.

At the most recent conference a "chilling" requirement was discussed. As in any tort action, plaintiffs are required to prove damages, and in cases where no other actual or compensatory damages are alleged, which is not the case here, the law still provides recovery for the plaintiff if s/he is able to show a chilling effect on the future exercise of his or her rights: "In order to state a retaliation claim, we require a private citizen to show: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010) (citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). When plaintiffs prove injury independent of chilling, however, they are not required to prove a chilling effect: "[D]efendants are correct that a plaintiff asserting First Amendment retaliation must allege some sort of harm, but they are wrong that this harm must, in all cases, be a chilling of speech." *Gill v. Pidlypchak*, 389 F.3d 379, 383 (2d Cir. 2004). The *Gill* court noted that this principal applies in contexts outside of the employment context, noting, "[i]n the prison context, the harm could include such an adverse action as placing a plaintiff in keeplock for a period of weeks." *Id*. The court concluded, "Under this approach, standing is no issue whenever the plaintiff has clearly alleged a concrete harm independent of First Amendment chilling. It is only a problem where no harm independent of the First Amendment is alleged. For there, the only injury is the chilling itself." *Id*. This principal has been applied in the context of an arrest retaliation claim: "Cases… hold that, where, as here, a plaintiff claims harm independent of the chilling of speech, proof of chilling is not required….As stated, questions of fact…exist whether Officer Boisclair's actions caused plaintiff physical or other injury independent of any chilling of speech." *Butler v. City of Glens Falls*, 2012 U.S. Dist. LEXIS 6826, *25-28 (N.D.N.Y Jan. 20, 2012). Thus, because they allege other injury, the plaintiffs need not prove a chilling effect to prevail on their First Amendment Claims.

Plaintiffs therefore request an instruction that requires the plaintiffs to prove the following elements: (1) the plaintiffs engaged in protected speech, (2) the speech was a substantial or

3

motivating factor in the actions taken by the defendants, that is, the arrest of the plaintiffs, and (3) the plaintiffs suffered damages.

      II.     <u>Abuse of Process Claim</u>

We are in the process of researching the abuse of process claim. Whether the abuse of process claim based on allegations that officers' collateral objective was retaliation is duplicative of the First Amendment claim depends in part on the Court's decision regarding the elements of the First Amendment claim. Plaintiffs will submit a new proposed jury instruction regarding the abuse of process claim.

      III.     <u>State Law Claims</u>

Subject to further review with our clients, it is our present intention to ask the jury to consider only the state law based Intentional Infliction of Emotional Distress and Respondeat Superior claims, and we would therefore request that the Court instruct the jury on these state law claims following the instruction on the federal claims and before the damages instructions.

                                        Yours, etc.,

                                        /s

                                        Jonathan Moore

Cc.     Arthur S. Larkin, Esq. (via ECF)