

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

**ARTHUR G. LARKIN**
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov

May 3, 2012

**BY ECF**

Hon. Allyne R. Ross
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Warren v. City of New York, et al.</u>, 08-CV-3815 (ARR) (RER)

Your Honor:

    We write briefly in accordance with the court's order of April 30, 2012 (DE 205), which had set a deadline of today at 12:00 noon for defendants to file any further written submissions with respect to plaintiffs' use of patrol guide provisions and NYPD training for cross-examination purposes. This submission is a few hours past the noon deadline but we respectfully request that the court, in its discretion, consider it. After receiving the court's order, the undersigned mistakenly marked the deadline for submission as the close of business today, rather than 12:00 noon today.

    At the most recent conference, the court ruled that limited cross-examination with regard to officer training and NYPD patrol guide provisions would be permitted. Your Honor also stated that there would be a limiting instruction to the jury that the NYPD patrol guide standards and training do not reflect the constitutional standard of reasonableness. (4/30 Tr., at 13) The court found that the patrol guide and training constitute "background" that was perhaps of "marginal relevance." (*Id*. at 13:18-24)

    We have previously argued that the foregoing matters, in our view, are irrelevant and should be excluded (*see* DE 211 [Defendants' 4/26 Ltr.]), and we do not repeat those arguments here. However, we submit that in this context, no limiting instruction can protect defendants from the prejudice that will likely ensue by plaintiffs' planned use of the training and patrol guide provisions, even if only permitted on cross-examination. The jury will be informed about progressive levels of force that officers are taught to use, depending on the amount of resistance

they encounter. The court indicated that plaintiff would also be permitted to cross-examine the officers on NYPD guidelines stating that blows to the head constitute (or could constitute) "deadly" force resulting in "serious physical injury." Plaintiff seeks to use this information for one purpose: To suggest to the jury that the constitution requires progressive levels of force, or that the officers' use of one blow to Mr. Warren's face somehow constituted "deadly" force that could have caused serious injury here.

The court appears to recognize the possibility of unfair prejudice by admission of any evidence concerning internal NYPD guidelines. First, at the April 30th conference, the court reiterated that the CCRB findings would not be admitted, since "there's a serious possibility of misleading the jury because the [NYPD] standards are different from the constitutional standard." (4/30 Tr., at 19:3-5) We submit that cross-examination of the officers concerning those very same NYPD standards creates the same risk of jury confusion, *see generally* Fed. R. Evid. 403. Second, the court stated multiple times that a limiting instruction would be issued, viz., the jury would be told that the NYPD internal guidelines are not the constitutional standard, which is simply objective reasonableness. (*See, e.g.*, 4/30 Tr., at 20:20-21, 22:12-14) The court, however, recognized that prejudice could result if the jury "didn't understand what my limiting instruction was." (*Id.*, at 22) We submit that because the NYPD internal guidelines and the constitutional standard covers the exact same area – the use of force by police officers to effect arrests – there is an inherent risk of jury confusion which cannot be eliminated entirely by a limiting instruction.

We thank Your Honor for considering this submission (should the court choose to do so), and we apologize for the delay in filing it.

Respectfully submitted,

/s/
Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
cc: All Counsel

2