UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MICHAEL WARREN and EVELYN WARREN,    x

               Plaintiffs,    x

    -against-    x

    x

THE CITY OF NEW YORK, a municipal entity;    x    08-CV-3815 (ARR) (RER)
NEW YORK CITY POLICE COMMISSIONER
RAYMOND KELLY; NEW YORK CITY    x    ECF Case
POLICE SERGEANT STEVEN TALVY
(Shield No. 5408); NEW YORK CITY POLICE    x
OFFICER JOSEPH TILLOTSON
(Shield No. 30215); NEW YORK CITY POLICE    x
OFFICER JOHN ACCONI (Shield No. 5075);    x
NEW YORK CITY POLICE OFFICER
MIRABEL SARANTE (Shield No. 10211),    x
NEW YORK CITY POLICE OFFICER
ANTHONY CAROZZA (Shield No. 16222),    x
individually and in their official capacities; and
JOHN DOES 1-10, New York City Police    x
Officers, Supervisors and/or Commanders,
individually and in their official capacities,    x

              Defendants.    x

------------------------------------------------------------ x

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

    Michael and Evelyn Warren, through their attorneys, propose the following jury charges.

Plaintiffs have attempted to incorporate language from the defendants' proposed instructions into

the below instructions, and have followed the defendants' proposed structure in regards to the general instructions.

## PART I:  GENERAL INSTRUCTIONS

### *(AS PROPOSED BY DEFENDANTS WITH EDITS BY PLAINTIFFS, NOTED IN BOLD)*

      **A.**      __Duty of the Court__

We are now approaching the most important part of this case, your deliberations.  You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference when you begin your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

**It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me the same careful attention as I instruct you on the law.**

*PLAINTIFFS' POSITION: Plaintiffs have added two sentences from the Model Modern Federal Jury Instruction entitled "Jury Attentiveness"*

**B.**     **Duty of the Jury**

Your duty is to decide the fact issues in the case and arrive at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts you must rely upon your own recollection of the evidence.  None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence.  Nor is anything I may have said, **or anything I may say in these instructions,** about a fact at issue or evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and any stipulations of the parties that were received in evidence.

**In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence. However, at times, during the course of this trial, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement were true.**  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact to be true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the

statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  **I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.** You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### *PLAINTIFFS' POSITION: Several edits were made for the sake of clarity; we also moved the conduct of counsel language to its own heading, directly below.*

**C.**      **Conduct of Counsel**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

-4-

> ***PLAINTIFFS' POSITION: A similar instruction was included under defendants proposed instruction "Duty of the jury," plaintiffs propose it be presented under its own heading.***

**D.        Duty of Impartiality; all persons equal before the law**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law.  You are to perform your final duty impartially and in complete fairness to both sides.  You are not to be swayed by bias, prejudice, or emotional appeals. **This case should be decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.**

> ***PLAINTIFFS' POSITION: Plaintiffs have combined the defendants' instruction with parts of the plaintiffs' previously proposed "all persons equal before the law" instruction. Plaintiffs also deleted a portion of defendants' proposed instruction; it is inappropriate to instruct the jury that they may not be "swayed by rhetoric," as jurors may certainly consider whether they are persuaded that the facts are consistent with arguments made by counsel.***

**E.        Burden of proof; Preponderance of the Evidence**

***DEFENDANTS AND PLAINTIFFS HAVE PROPOSED VERY DIFFERENT VERSIONS OF THE BURDEN OF PROOF INSTRUCTION.***

DEFENDANTS PROPOSED THE FOLLOWING INSTRUCTION:

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claims by a preponderance of the credible evidence.

The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true. It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

In this civil trial, it is plaintiff's burden to establish each and every element of his claims by a preponderance of the credible evidence. If plaintiff fails to prove, by a preponderance of the credible evidence, any element of any of particular claim, then you must find for the defendants on that claim.

> <u>PLAINTIFFS SUBMIT THAT THE DEFENDANTS PROPOSED INTRUCTION
> SHOULD BE REPLACED WITH THE FOLLOWING INSTRUCTION, WHICH
> COMBINES TWO MODEL INSTRUCTIONS CONTAINED IN THE MODERN
> FEDERAL JURY INSTRUCTIONS, AS IT FAIRLY DEFINES THE BURDEN OF
> PROOF.</u>

### **Burden of Proof - General**

This is a civil case and as such the plaintiffs generally have the burden of proving the material allegations of their claims by a fair preponderance of the evidence. As I will explain to you later, when we discuss the particular claims themselves, on certain points the defendants have the burden of proof by a fair preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely than not true. A preponderance of the evidence means the greater weight of the evidence. If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue

against the party having the burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof--that what the party claims is more likely true than not-- then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:       3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 73.01, at 73-2 and 73-4

### F.       **Direct and Circumstantial Evidence**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside.  **Then later, as you were sitting here, someone walked in with a wet umbrella and, soon after, another person walked in with a wet raincoat.** Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence

of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason, experience and common sense, you infer from one established fact the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

> ***PLAINTIFFS' POSITION: Plaintiffs made minor changes consistent with the modern federal jury instruction. Defendants had changed the example in the modern federal jury instruction to make the persons and umbrellas plural, which suggests that multiple or many pieces of circumstantial evidence are required to draw a conclusion, which is not the case. The singular words are consistent with the model instructions.***

G.   **Witness Credibility**

**You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.**

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness' testimony.

**Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? How did the witness appear, what was his demeanor-- that is his carriage, behavior, being, manner and appearance--while testifying? Often it is not what a person says but how he says it that moves us.**

Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? **Did the witness have an opportunity to see, hear and know the things about which he or she testified? Was the witness's testimony reasonable and probable?** Was it consistent or contradictory? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful. **You may also consider whether the witness's recollection of the facts stands up in light of the other evidence in the case. Finally, you may find that if a witness testifies falsely as to one matter, that that witness could have testified falsely as to all matters.**

How much you choose to believe a witness may also be influenced by the witness's bias. **In deciding whether to believe a witness, you should consider evidence of any interest or motive that the witness may have in cooperating with a particular party.** Does the witness have a relationship with any of the parties **or with any organization** that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness -- consciously or not -- to give you something other than a completely accurate account of the facts he or she testified to? An interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand, and **your own perceptions and common sense**, whether or not the witness' testimony has been colored, intentionally or unintentionally, by the witness' interests. **In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.**

**Thus, what you must try to do in deciding credibility is to size up a person in light of his or her demeanor, the explanations given and all of the other evidence in the case.**

*__PLAINTIFFS POSITION: Various changes were made from defendants' proposed instruction in order to combine the witness credibility instruction with the bias instruction previously proposed by plaintiffs.__*

**H.**     **Expert Witnesses**

You have heard testimony from expert witnesses for both sides.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, and his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

**I.**     **Personal Involvement of Each Individual Defendant and Plaintiff**

It is important to remember that **each plaintiff and** each defendant is entitled to a fair consideration of his or her own claims, or his or her own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against any other plaintiff or against any other defendant.  **In other words, if you find against one of the two plaintiffs, that does not necessarily mean that you should find against the other plaintiff. Similarly,** if you find for

-10-

one of the two plaintiffs on any claim against one of the five defendants, that does not necessarily mean that you should find for that plaintiff on his or her claims against any other individual defendant.  Unless otherwise stated, all instructions given to you govern the case as to each **plaintiff and each** defendant.  Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil § 71.06.

> ***PLAINTIFFS' POSITION: An instruction regarding personal involvement is unnecessary. The charges for each individual claim below lay out exactly which defendants are involved in each claim. The plaintiffs adequately allege that the defendants involved in each claim were personally involved. This instruction only serves to confuse the jury given that one of plaintiffs' claims is for failure to intervene, which provides for liability when officers are not personally involved in an unconstitutional action but do fail to intervene.***

## ADDITIONAL GENERAL INSTRUCTIONS REQUESTED BY PLAINTIFFS, TO WHICH DEFENDANTS OBJECT

### J.  Single Witness

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Authority:      Devitt and Blackmar, § 72.15.

> ***PLAINTIFFS' POSITION: This instruction was added by  plaintiffs and is appropriate.***

### K.      Discrepancies in Testimony

-11-

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority:        3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01 at 76-13.

> **_PLAINTIFFS' POSITION: This instruction was added by plaintiffs and is appropriate._**

L.        **Statements By Patient To Medical Personnel**

You have heard the testimony of physicians and EMTs concerning statements made by patients for the purpose of facilitating medical diagnosis or treatment. These statements included descriptions of the patients' medical histories and symptoms and the general cause of their injuries and/or conditions. You may consider these statements as evidence of the facts stated,

[*but only to the extent that those statements are actually necessary for the doctor to give medical treatment.*] It is up to you, the jury, to decide what weight, if any, to give these statements – [*again, only those statements necessary to enable the doctor to give treatment]* - just as you would any other evidence.

Authority:       3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 74.05, at 74-32 (modified).

**<u>*PLAINTIFFS' POSITION: The language in italics above was inserted into this instruction by defendants. Such language is confusing to the jury and unnecessary. Presumably the Court will ensure that only the statements that were made for purposes of medical treatment are admitted at trial, as other statements would be hearsay. It is therefore unnecessary to put language regarding this rule of evidence into the jury instruction.*</u>**

## M.      Police Officer Testimony

Members and/or former members of the New York City Police Department have testified in this case.  People employed by the government or public authorities, including police officers and supervisors, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.  Police officers are not presumed to be more truthful or less truthful because of their status as law enforcement officers.  You must determine the credibility of police officers in the same way and by the same standards as you would evaluate the testimony of any other witness.  You should recall their demeanor on the stand, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  Whether you credit the testimony of the police officers must depend on how truthful you judge them to be after you have heard their testimony and formed your own conclusions as to their believability.  In short, the exact same tests and standards that I have described for witnesses in general apply equally to police officer witnesses.

Authority:     Derived from jury charge given by the Honorable Nicholas G. Garaufis in the jury trial of *Circulo de la Hispanidad, Inc. v. The City of Long Beach, et al.*, 00-CV-1463, in the Eastern District of New York; *Paine v. City of Lompoc*, 160 F.3d 562 (9th Cir. 1998); *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981).

**DEFENDANTS' POSITION**:  Defendants object to this charge as extraneous, unnecessary and prejudicial.

***PLAINTIFFS' POSITION: This instruction is necessary because people have a tendency to give more credibility to authority figures, including police officers. Such charges are not unusual.***

**N.     Interest in Outcome of Witnesses**

**PLAINTIFFS PROPOSE THE FOLLOWING INSTRUCTION:**

**Several of the witnesses are parties to this case, including Michael and Evelyn Warren,** Steven Talvy, Joseph Tillotson, John Acconi, Mirabel Sarante and Anthony Carroza, and hence may be interested witnesses in the outcome of this case.  Several of the witnesses are also currently employed as police officers in the New York City Police Department and hence may be interested witnesses in the outcome of this case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  You should bear that factor in mind when evaluating the credibility of these witnesses, and accept their testimony with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on

your own perceptions and common sense, to what extent, if at all, the testimony of the parties and of the witnesses who are employed by the New York City Police Department has been affected by an interest in the outcome of the case.

## DEFENDANTS PROPOSE THIS ALTERNATIVE INSTRUCTION:

Several of the witnesses are parties to this case, including both Michael and Evelyn Warren, Steven Talvy, Joseph Tillotson, John Acconi, Mirabel Sarante and Anthony Carroza, and hence may be interested witnesses in the outcome of this case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  You should bear that factor in mind when evaluating the credibility of witnesses who are parties to the case and therefore "interested" in its outcome, and accept their testimony with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the testimony of the interested witnesses has been affected by their interest in the outcome of the case.

Authority:      4 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 76.01, at 76-11 (modified).

**DEFENDANTS' POSITION**:  Defendants object to this charge as inflammatory and highly prejudicial.  If the court is inclined to give this charge, defendants request that the charge be neutral, viz., that the charge not differentiate between plaintiffs or defendants but include all parties.  Our proposal appears in redline above.

***PLAINTIFFS' POSITION: Plaintiffs have added Michael and Evelyn Warren as parties to the instruction to make the instruction more balanced, but request that their version be given.***

-15-

***<u>The defendant officers have a different motive than any regular interested party, such as the Warrens, because they are not only personally interested in the action but are employees of a department that has an interest in the action. Moreover, all officer witnesses, including non defendants, have a motivation to testify in a certain manner because they are employed by NYPD. The instruction is necessary to convey this to the jury.</u>***

## PART II: PLAINTIFFS' CLAIM

*The parties have each submitted separate proposed instructions regarding each claim and regarding damages. Plaintiffs have modified their requests by incorporating some of the language proposed by defendants in an attempt to reach a compromise. The plaintiffs modified requests are laid out below, with the defendants' language that has been added highlighted in bold face type. The defendants' original proposed instructions are provided after each one of the plaintiffs' modified instructions.*

## A.  ELEMENTS OF A § 1983 CLAIM

Plaintiffs Michael and Evelyn Warren's constitutional claims against the defendant police officers is brought pursuant to Title 42 of the United States Code, section 1983, and is referred to as a "Section 1983" claim.  Section 1983, itself, does not establish or create any federally protected right. Rather, it is the law that allows a plaintiff to enforce rights guaranteed to him or her by the federal Constitution.  Later in these instructions I will explain to you what the specific federal constitutional rights at issue in this case are, and what plaintiffs must prove to demonstrate that one or more of those constitutional rights was violated.

To begin with, in order to establish a claim under "Section 1983," the plaintiffs must prove, by a preponderance of the evidence, the following three elements:

First, that the defendants acted under color of state law or on behalf of a government entity;

Second, that the defendants' conduct deprived the plaintiffs of a right, or rights, protected by the Constitution of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiffs.

Let me discuss each of these elements in more detail.

-17-

### 1.    First Element: Color of Law

As to the first element of plaintiffs' claim, it is not disputed that each of the defendants was acting in his or her official capacity as a New York City Police Officer at the time of the acts in question.  I therefore instruct you that the defendants were acting under color of state law.  In other words, the first statutory requirement is satisfied, and you need not consider it further.

### 2.    Second Element: Deprivation of a Constitutional Right

The second element of plaintiffs' claim is that the plaintiffs were deprived of their federal rights by the defendants.  In order for the plaintiffs to establish this second element, they must show these things by a preponderance of the evidence: first, that the defendants committed the acts alleged by plaintiffs; and second, that those acts caused the plaintiffs to suffer the loss of  a federal right.  In this case, plaintiffs allege that they suffered the loss of their First, Fourth, and Fourteenth Amendment rights. I will explain those rights to you now in greater detail.

Authority:     Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions at 87-65 through 87-68, 87-70, 87-74.

**B. Freedom to Engage in Protected Speech**

**Against Defendants Talvy, Acconi, Sarante and Carozza**

In this case plaintiffs argue that they suffered the loss of several federal rights. First, plaintiffs allege that the defendants deprived them of their right to freedom of speech, which is protected by the First Amendment of the Constitution of the United States. Specifically, plaintiffs allege that they spoke out against the actions of the defendant police officers, who plaintiffs allege were physically assaulting a handcuffed man, and that the defendant officers then arrested and assaulted the plaintiffs because the plaintiffs had spoken out to object.

The First Amendment to the United States Constitution accords individuals the right to publically express a message. The government cannot treat individuals who are expressing a message more harshly than those who are not. If individuals are expressing a message, the government cannot punish or penalize them by arresting them when there is no legitimate reason for their arrest.

To prevail on their First Amendment claim, the plaintiffs must establish each of the following three elements: (1) the plaintiffs' acts of speech were protected by the Free Speech Clause of the First Amendment, (2) that these acts of speech were a substantial or motivating factor in the defendants' decision to take action against the plaintiffs, and (3) that the plaintiffs suffered damages.

In determining whether there were acts of speech that were protected by the Free Speech Clause of the First Amendment, you the jury must determine what, if anything, the plaintiffs said or did to express themselves. You have heard evidence regarding the acts of speech in which the

plaintiffs claim to have engaged. You must now consider that evidence as a whole, in light of your reason and experience, and decide what if anything the plaintiffs said. If you do conclude that the plaintiffs spoke out to protest the actions of the defendant officers, I instruct you that such speech is protected by the Free Speech Clause of the First Amendment.

The second element of plaintiffs' claim is that the protected speech, that is, the plaintiffs' comments to Sergeant Talvy and the other defendant officers, were a substantial and motivating factor in the defendants' decision to take action against plaintiffs. The plaintiffs' protected speech was a substantial or motivating factor in the defendants' decision to take action against the plaintiffs if it played a substantial part in the actual decision to arrest and/or assault the plaintiffs.

The defendants may have taken action for no reason whatsoever. If so, then the plaintiffs' protected speech was not a substantial or motivating factor in the defendants' decision.

The defendants may have taken action for one sole reason. If that one sole reason was that the plaintiffs protested the actions of the officers, then you must find that the plaintiffs' protected speech was a substantial and motivating factor in the defendants' decisions.

The defendants may have taken action for many different reasons. If so, then you must determine whether one of those reasons was that the plaintiffs protested the actions of the officers. If it was one of those reasons, you must determine whether the speech of the plaintiffs played a substantial part in the actual decision to take action against the plaintiffs. If it did play a substantial part, then you must find that the plaintiffs' protected speech was a substantial or motivating factor in the defendants' decision.

-20-

Finally, the plaintiffs must establish that they were damaged by the actions taken by the defendants. The defendants might show that they were damaged in a variety of ways. For example, if you find that the defendants were physically injured by the actions of the officers, the defendants have shown that they were damaged. I will discuss damages more after we have finished discussing the elements of the claims.

Authority:       Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions 87-94, 87-95, 87-96, 87-97.

PLAINTIFFS' NOTE: THIS INSTRUCTION WAS MODIFIED IN KEEPING WITH OUR RECENT LETTER TO THE COURT.

**DEFENDANTS' POSITION**:  Defendants object to the foregoing Request to Charge # 22, in its entirety, and propose the following charge.

In order to prevail on this claim, plaintiffs must prove by a preponderance of the evidence that (1) they have an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by their exercising that right or interest; and (3) defendants' actions effectively chilled the exercise of their First Amendment right, or were in retaliation for their exercising that right.  But where, as in this case, the action of which plaintiff complains is an arrest, you must find for the defendants if you find that the arrest was supported by probable cause.  That is, if you find that the plaintiffs Michael or Evelyn Warren committed some crime, not just the crimes that they were actually charged with, but <u>any</u> crime, then you need not undertake any inquiry into the underlying motive for the arrest.  Stated another way, an individual does <u>not</u> have a right under the First Amendment to be free from a criminal prosecution supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government or its officials.

<u>Authority</u>:      *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996).


**<u>PLAINTIFFS POSITION: PLAINTIFFS OBJECT TO DEFENDANTS PROPOSED INSTRUCTION FOR THE REASONS OUTLINED IN THEIR MAY 3, 2012 LETTER TO THE COURT.</u>**

## C. Arrest without probable cause/ unreasonable seizure
## Against defendants Talvy, Acconi, Sarante, and Carozza

Plaintiffs also allege that they suffered the loss of their federal right to be free from arrest without probable cause. **A false arrest occurs if a Police Officer intentionally confines a person without that person's consent, unless the Police Officer has probable cause to do so.** Thus, under the United States Constitution a person may not be arrested without probable cause for such an arrest. **Plaintiffs allege that Michael Warren was falsely arrested by defendants Talvy and Acconi, and that Evelyn Warren was falsely arrested by defendants Sarante and Carozza, with defendant Talvy authorizing and approving her arrest.**

Because of the absence of a warrant for the plaintiffs' arrests, the burden is upon the defendant officers, not on Plaintiffs Michael and Evelyn Warren, to establish that the officers had probable cause to arrest the plaintiffs.  Thus, the defendant New York City Police Officers, not the plaintiffs, have the burden of proof on the element of probable cause. The defendant officers must prove by a preponderance of the credible evidence that they arrested the plaintiffs with probable cause.

"Probable cause" means that a police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime. Thus, the question is not what the officers in this case actually believed; the question is whether a reasonable, competent, and prudent police officer would have had "knowledge of reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief

-23-

that the person to be arrested has committed or is committing a crime." **Probable cause requires only the probability that the person arrested in engaged in criminal activity, it does not require an actual showing of criminal activity.** However, a mere possibility that the person has committed a crime is not enough. The hunch, guess, conjecture, or surmise of an officer is not enough to create probable cause. There must be enough actual evidence to reasonably lead to the conclusion that the suspect has committed a crime. **The existence of probable cause is measured as of the moment of the arrest.**

In this case, the plaintiffs allege that they were unlawfully arrested. In order to determine that the acts of the defendants caused the plaintiffs to suffer the loss of their federal right to be free from an unlawful arrest, you must determine whether defendants had information that would lead a reasonable person to conclude that Michael and Evelyn Warren had committed a crime.

In this case, Evelyn Warren was arrested for and charged with Disorderly Conduct under the Penal Law of the State of New York, §240.20(1). A person commits the violation offense of disorderly conduct when "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof…[s]he engages in fighting or in violent, tumultuous or threatening behavior."

In this case, Michael Warren was arrested for and charged with Obstruction of Governmental Administration and Resisting Arrest. Under the Penal Law of the State of New York, a person commits the misdemeanor offense of Obstruction of Governmental Administration when he "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any

-24-

independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration." Under the Penal Law of the State of New York, a person commits the misdemeanor offense of Resisting Arrest when he "intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person."

If a reasonable police officer, exercising reasonable caution, would have believed that the plaintiffs' conduct amounted to one, or more than one, of the above New York State Penal Law offenses, then there was probable cause to arrest the plaintiffs.   If, however, a reasonable, competent, and prudent police officer exercising reasonable caution would not and could not have objectively believed that the plaintiffs' conduct was unlawful, then the defendant officers arrested the plaintiffs without probable cause.

**If you find that the defendants have established that they had probable cause to arrest the plaintiffs, you must find for the defendants on the claim of false arrest.** If you find that the defendants have not established that they had probable cause to arrest the plaintiffs, you must find the defendants liable for a violation of the plaintiffs' constitutional rights.

<u>Authority:</u>   Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions §87.03 Instruction 87-74A; M. Avery, *et al*., Police Misconduct; Law and Litigation, Third Edition, § 12:13; *Jaely v. Couch*, 439 F. 3rd 149, 152 (2nd Cir. 10006), quoting *Weyant v. Okst*, 101 F. 3rd 845, 852 (2nd Cir. 1996); *Standt v. City of New York*, 153 F. Supp. 2nd 417, 431 (S.D.N.Y. 2001); *Flores v. City of Mount Vernon*, 41 F. Supp 2nd 439, 442-443 (S.D.N.Y. 1999) (citing to *Raysor v. Port Authority of New York and New Jersey*, 768 F. 2nd 34, 40 (2nd Cir. 1985)); Penal Law §§ 240.20(1), 195.05, 205.30.

-25-

**DEFENDANTS' POSITION**:  Defendants object to the foregoing Request to Charge # 23, in its entirety, and propose the following charge.


Plaintiffs claim that they were falsely arrested when (1) Michael Warren was issued a desk appearance ticket ("DAT") on or about June 22, 2007, and (2) Evelyn Warren was issued a summons on or about June 21, 2007.  The defendants contend that their issuance of the DAT to Mr. Warren and the summons to Mrs. Warren was lawful.

A false arrest occurs if a Police Officer intentionally confines a person without that person's consent, unless the Police Officer has probable cause to do so.

You must consider whether or not defendants had probable cause to arrest.  Probable cause, often referred to as reasonable cause, exists when an officer has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience, that it is reasonably likely that the person arrested committed a crime.  Probable cause requires only the probability of criminal activity.  It does not require an actual showing of criminal activity.  Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983).

Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee committed or was committing.  The officer need only have reasonable cause to believe that the arrestee was committing or had committed a crime.  An arrest made with reasonable cause is lawful even though the plaintiff may not have committed *any* of the crimes for which she was arrested.  Devenpeck v. Alford, 543 U.S. 146, 154 (2004); Jaegly v Couch, 2006 U.S. App. LEXIS 4533 (2d Cir. 2006); Trejo v. Perez, 693 F.2d 482, 485 (5th Cir.

1982) (quoting United States v. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971), cert. denied, 406 U.S. 923; LaBelle v. La Vallee, 517 F.2d 750, 754 (2d Cir. 1975);

In fact, the officers' subjective reason for making the arrest need not be the criminal offense with which the plaintiff was actually charged.  Devenpeck, 543 U.S. at 153.

Also, the existence of probable cause is measured as of the moment of the arrest, and not on later developments.  Thus, the arrestee's actual guilt or innocence is irrelevant to the determination of reasonable cause.  United States v. Patrick, 899 F.2d 169, 171 (2d Cir. 1990); United States v. Roldan, 92-CV-781 (CSH), 1994 U.S. Dist. LEXIS 16322, at *2-3 (S.D.N.Y. Nov. 17, 1994).

Moreover, simply because an arrestee asserts that he or she is innocent, that does not necessarily mean that a police officer lacked probable cause to arrest.  So long as there is probable cause, a police officer is not required to explore every theoretical plausible claim of innocence before making an arrest.  Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991); Campbell v. Giuliani, 99 Civ. 2602 (JG), 2001 U.S. Dist. LEXIS 609 (E.D.N.Y. Jan. 24, 2001); Mistretta v. Prokesch, 5 F. Supp. 2d 128 (E.D.N.Y. 1998); Perez v. City of New York, 97 Civ. 2915 (EHN), 1998 U.S. Dist. LEXIS 12274, at *4 (E.D.N.Y. June 18, 1998); Dukes v. City of New York, 879 F. Supp. 335, 343 (S.D.N.Y. 1995); Grant v. City of New York, 848 F. Supp. 1131, 1135 (S.D.N.Y. 1992).

An officer need not advise an arrestee of the reason for the arrest or issuance of the summons at the time the plaintiff is confined.  Devenpeck, 543 U.S. at 155.

Additionally, an officer arresting a plaintiff does not have to have knowledge of all *or any* of the facts and circumstances that establish the probable cause to arrest.  An officer acts

lawfully when he reasonably relies upon the information received by other law enforcement officials.  United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001).  Thus, if the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer relying on that information also has probable cause to arrest.  Police officers are entitled to act on information received from other officers based upon the presumption that those officers furnishing information to the arresting officer possess the necessary probable cause.  See Colon, 250 F.3d at 135, 137 (collective knowledge doctrine is analogous to New York State's "fellow officer" rule); State of New York v. Rosario, 78 N.Y.2d 583, 588, 578 N.Y.S.2d 454 (1991).

The plaintiff must prove, by a preponderance of the evidence, that each of the defendants falsely arrested him.  Here, the plaintiff Michael Warren was charged with Disorderly Conduct and Obstruction of Governmental Administration.  Plaintiff Evelyn Warren was charged with Disorderly Conduct

However, even though the plaintiffs were charged with those offenses, if you find that there was probable cause to arrest either of them for any offense, then you must find for the defendant officers on the false arrest claim.  Devenpeck, 543 U.S. at 153-55.

Therefore, I will now instruct you that if you find that there was probable cause to arrest the plaintiff for any one of the following crimes, then you must find for the defendants on the false arrest claim.

The first possible crime is the one that the plaintiffs were both charged with, Disorderly Conduct.  Section 240.20 of the New York State Penal Law defines Disorderly Conduct as follows:

[A] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:

1. He engages in fighting or in violent, tumultuous or threatening behavior; or

2. He makes unreasonable noise; or

3. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or

….

5. He obstructs vehicular or pedestrian traffic; or

6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; ….

(N.Y. Penal Law §240.20).

Under New York law, the officer making the arrest for disorderly conduct need not determine whether the person he is arresting possessed the requisite intent to cause public inconvenience, annoyance or alarm.  Rather, the objective facts need only show the probability that the person arrested possessed such intent.  Devenpeck, 543 U.S. at 153-55.

The next such crime is Obstruction of Governmental Administration, one of the crimes that Michael Warren was charged with.  Section 195.05 of the New York State Penal Law defines obstruction of governmental administration as follows:

[A] person is guilty of obstruction of governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a

-29-

dangerous animal under circumstances evincing the actor's intent
that the animal obstruct governmental administration.

(N.Y. Penal Law §195.05).

The next crime is Resisting Arrest, the third crime Michael Warren was charged with.

Section 205.30 of the New York State Penal Law defines obstruction of governmental

administration as follows: A person is guilty of resisting arrest when he intentionally prevents

or attempts to prevent a police officer or peace officer from effecting an authorized arrest of

himself or another person.

If, after considering all of the evidence, you find that any defendant had probable cause to

arrest the plaintiffs for *any* one of the crimes that I have just described to you, then you must find

in favor of that defendant officer with respect to the false arrest claim. If you find for the

plaintiff on this claim, then, in order for plaintiff to prove his claims, you must also determine

whether or not the arrest was the proximate cause of any injury to that plaintiff – as I will explain

to you shortly.

**_PLAINTIFFS' POSITION: Much of the proposed instruction by defendants is not warranted
in or relevant to this case. Language about the arrest occurring when the
plaintiffs received paperwork whether than when they were physically taken
into custody is unnecessary--there is no question in this case that the plaintiffs
were arrested. Discussion of the fact that plaintiffs could have been arrested if
there was probable cause for any crime, including crimes that they were not
charged with, is unnecessary here where the only crimes the defendants
contend apply are those that the plaintiffs were charged with. Language about
the fact that officers may arrest based on statements made to them by other
officers is not relevant as the officers do not allege that that they made an arrest
based on an account provided by another officer rather than their own
observations. Finally, the instruction should not include a recitation of all of
the various basis for arrest under New York's Disorderly Conduct Statute. The
bases as defined in the statute require more explanation than given in the
defendants' proposed instruction, which is misleading without further
discussion of the elements (for example, what constitutes "unreasonable noise"
or "abusive of obscene language" or "obstructing vehicular traffic"?). Officers
did not arrest plaintiffs for these offenses and the jury should not be invited to_**

-30-

*speculate about what constitutes probable cause for an arrest based on "unreasonable noise." As a credible argument cannot be made that the officers had probable cause to arrest under the alternate provisions of the statute, these should not be included in the instruction.*

**D. Excessive Force**

**Against Defendant Steven Talvy**

In this case, plaintiffs also claim that they suffered the loss of their federal right to be free from the use of excessive force when Sergeant Talvy punched Mr. Warren in the face while he was in his vehicle; punched Mr. Warren again after he had been removed from the vehicle; punched Mrs. Warren in the face; pulled Mr. Warren forcefully out of his car, tearing his clothes; and pushed Mr. Warren into a police van. **Defendant Talvy denies that he used excessive force and asserts that his actions were justified and reasonable.**

The Fourth Amendment to the United States Constitution protects persons from being subject to excessive force. Every person has the constitutional right to be free from the unreasonable seizure of his person by law enforcement agents, and from the unreasonable use of force during any seizure. Under the Fourth Amendment, a law enforcement official may only employ the amount of force **that is reasonably necessary under the circumstances at the time of the restraint.**

You first must determine whether defendant Talvy committed the alleged acts.

Then, to determine whether the acts caused the plaintiffs to suffer the loss of a federal right protected by the Fourth Amendment, you must determine whether the amount of force used by defendant Talvy was that which a reasonable officer would have employed in making an arrest under similar circumstances. **The officer does not have to use the least amount of force possible,** but the officer may only use as much force as is reasonably necessary under the circumstances. **The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene.**

-32-

In deciding whether the amount of force used by defendant Talvy was reasonable, you may take into account whether the plaintiffs had committed any crime and the severity of the crime at issue, if any; whether the plaintiffs posed an immediate threat of death or serious bodily injury to the defendants or others; and whether the plaintiffs actively resisted arrest or attempted to evade arrest by flight.

In addition, in determining whether the defendant used excessive force, you may consider any factors that are relevant to you, using your common sense. These factors may include:

1.     The extent of the injury suffered by plaintiffs;

2.     The need for the application of force;

3.     The relationship between the need and the amount of force use;

4.     The threat of serious bodily injury or death, if any, reasonably perceived by the defendants; and

5.     Any efforts made to temper the severity of a forceful response, including the alternate means of seizure available.

**If you find that defendant Steven Talvy's use of force was reasonable, then you must return a verdict in favor of him.** However, if you find that the amount of force used by defendant Steven Talvy was greater than an objectively reasonable police officer would have employed, your verdict must be for the plaintiffs, and against the officer who used excessive force.

Authority:     Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions at 87-74C;
M. Avery, *et al.*, Police Misconduct; Law and Litigation, Third Edition, § 12:10, 12:11;
*Graham v. Connor*, 490 U.S. 386, 396 (1989).

-33-

**DEFENDANTS' POSITION**:  Defendants object to the foregoing Request to Charge in its entirety and propose the following charge instead.

Plaintiffs claim that the defendant Officers violated their Fourth Amendment rights by using excessive force against them.  All of the defendants deny that they used excessive force and assert that their actions were justified, reasonable, and in accordance with existing law.  The mere fact that the evidence in this case establishes that there was some contact between plaintiff and one or more of the defendants is not sufficient by itself to demonstrate that any defendant violated plaintiff's constitutional rights.  A police officer is justified in using physical force when and to the extent reasonably necessary to enforce a lawful order, such as an order to disperse, or to assure that a person lawfully arrested remains in custody.

The Fourth Amendment guarantees that every person has the right not to be subjected to excessive force while being restrained or taken into custody by a law enforcement officer.  A police officer may use only such force as is reasonably necessary under the circumstances that exist at the time of the restraint.  The critical issue for you is whether the defendant officer acted the way a reasonable police officer would have acted in the particular circumstances.  You are not to consider the subjective good faith or bad faith of the defendant officer.  In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  Alleged "evil intentions" are not to be considered excessive force if the force used was in fact reasonable.

A police officer is justified in using physical force when and to the extent reasonably necessary to restrain an individual or to assure that person's continued custody.  If a police officer exceeds this justifiable use of force, then that officer violated an individual's Fourth

Amendment right to be free of unreasonable force. But, the officer does not have to use the least amount of force possible. The officer need only to have acted within that range of conduct identified as reasonable. You need consider only whether the defendant officers acted reasonably in light of the facts and circumstances they encountered on June 21, 2007, without considering their underlying motives or intent.

Remember, excessive force is force beyond that which is necessary or reasonably required to restrain an individual. Excessive force is a relative term, and you must take into account all of the circumstances surrounding a person's restraint.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you must look to such factors as to the need for the application of force, the relationship of the need and the amount of force that was and, the extent of the injury inflicted. I instruct you that an officer need not put himself at risk of physical harm to avoid the use of force. Graham v. Connor, 490 U.S. 386 (1989).

The use of force is not uncommon or unusual in the course of restraining an individual. Not every push or shove violates a person's constitutional rights, even if it may later seem unnecessary in the peace and quiet of this courtroom. Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993)("a *de minimis* use of force will rarely suffice to state a Constitutional claim"); *see also* Maxwell v. City of New York, 272 F. Supp. 2d 285, 298 (S.D.N.Y. 2003); Pope v. Buttner, 10 CV 4118 (BSJ) (MHD) (S.D.N.Y.) (Jury Instructions delivered in March 2012). Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an arresting officer cannot be held liable for every such incident. Pope, 10 CV 4118 (BSJ) (MHD)

-35-

(S.D.N.Y.) (Jury Instructions delivered in March 2012); <u>Cunningham v. Rodriguez</u>, 01 Civ. 1123

(DC), 2002 U.S. Dist. LEXIS 22660, at *12-13 (S.D.N.Y. Nov. 22, 2002) (blows to back and

face were *de minimis*); <u>Bove v. City of New York,</u> 98 Civ. 8800 (HB), 1999 U.S. Dist. LEXIS

12112, at *20-21 (S.D.N.Y. Aug. 6, 1999) (summary judgment granted on excessive force claim

where hospital records showed force used was *de minimis*); <u>Wilder v. Village of Amityville</u>, 288

F. Supp. 2d 341, 344 (E.D.N.Y. 2003) (dismissing excessive force claim based on allegations of

tight handcuffs).

       In determining whether the amount of force used by defendants was reasonable under the

circumstances, you may take into consideration that police officers are often forced to make

difficult split-second judgments in circumstances that are tense, uncertain, and rapidly evolving.

<u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); Jury Charge in <u>Valerio v. City of New York</u>, 03-

CV-3027 (CLB) (GAY) (S.D.N.Y. Jan. 2006).

       If you find that defendant Steven Talvy's use of force with respect to plaintiff Michael

Warren was reasonable, then you must return a verdict in favor of him.  If you find that the use

of force by the officer was unreasonable, your verdict must be for the plaintiff, and against the

officer who used excessive force.  In that case, you must then determine whether plaintiffs'

alleged injuries were proximately caused by the defendant's use of excessive force.

       Plaintiff alleges that one or more of the defendants were present when he was allegedly

subjected to the use of excessive force and that each officer had the opportunity, but made no

effort, to stop the use of excessive force.  Defendants deny that they used excessive force or that

they observed excessive force being used against the plaintiff.

All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence.  An officer who fails to intervene is liable for the preventable harm caused by the action of another officer if that officer either observes or has reason to know that a Constitutional right is being violated and has a realistic opportunity to stop it.  Jeffreys v. Rossi, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003), aff'd, 426 F.3d 549 (2d Cir. 2005).

In restraining an individual or taking an individual into custody, a police officer is not Constitutionally required to be courteous.  The use of minimal force is not uncommon or unusual in the course of restraining an individual.  As I instructed you earlier, not every push or shove by a police officer, even if it may seem unnecessary in the peace and quiet of this courtroom constitutes excessive force.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are tense, uncertain, dangerous and rapidly evolving.

Before you can determine whether any of the officer defendants failed to intervene, you must first determine whether any of the officers used excessive force against the plaintiff.

If you find that no excessive force was used against plaintiff, then you must return a verdict in favor of all of the defendants on this claim.

If you find that a defendant officer used excessive force against the plaintiff, then you must decide whether any of the other officer defendants failed to intervene.  To do so, you must determine whether any other defendant observed the excessive force and whether any other defendant had a realistic opportunity to stop the excessive force and failed to do so.  In order for

an officer to have a realistic opportunity to stop excessive force, the officer must have had sufficient time to intercede and a capability to prevent the harm.

In sum, before you can hold any individual defendant liable on a failure to intervene claim, you must conclude by a preponderance of the credible evidence as to each defendant separately:

First, that the defendant was present at the scene;

Second, that the defendant observed excessive force being used by another officer;

Third, that the defendant had a realistic opportunity to intervene to prevent the harm from occurring; and

Fourth, that the defendant failed to take reasonable steps to prevent the use of excessive force.

If you find that plaintiff has proven these four elements by a preponderance of the credible evidence, then your verdict must be for plaintiff.  In that case, you must then determine whether plaintiff suffered any injuries and whether those injuries were proximately caused by any defendant's failure to intervene.

However, if you find that plaintiff has not proven these four elements by a preponderance of the credible evidence, then your verdict must be in favor of the defendants.  Adapted from Schwartz, Section 1983 Litigation: Jury Instruction Volume 4; O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Graham v. Conner, 490 U.S. 386 (1989).


**_PLAINTIFFS' POSITION: The language in the second half of the defendants' proposed instruction pertains to the failure to intervene charge and should not be included here. Plaintiffs have incorporated some language from the first half of the instruction in their proposal._**

**E.  Malicious Prosecution**

**Against Defendants Talvy, Acconi, Sarante, Carozza, and Tillotson**

In this case, plaintiffs also claim that they suffered the loss of their federal right to be free from malicious prosecution. In order prove a claim of malicious prosecution the plaintiffs must show five things: (1) a deprivation of liberty within the meaning of the Fourth Amendment; (2) the initiation of a proceeding against the plaintiffs; (3) termination of the proceedings in the plaintiffs favor; (4) lack of probable cause; and (5) malice.

In this case, it is not disputed that the plaintiffs were arrested, charged with crimes, released while their criminal cases were pending, required to appear in Court on at least six different occasions, and that the cases against the plaintiffs were ultimately dismissed by the state due to lack of evidence. The plaintiffs have therefore proven a deprivation of liberty within the meaning of the Fourth Amendment, the initiation of proceedings against plaintiffs, and termination of the proceedings in the plaintiffs' favor. I therefore instruct you that as a matter of law the plaintiffs have proven the first three elements of malicious prosecution, and you need not consider them further.

In regards to plaintiffs' malicious prosecution claim, you need only consider two things: whether there was probable cause, and whether there was malice.

**(1)  Probable Cause**

In this case, the defendant officers initiated a prosecution against the plaintiffs when they provided Michael Warren with a Desk Appearance Ticket and Evelyn Warren with a Summons. Thus you must decide whether the defendant officers had probable cause to issue the Desk Appearance Ticket and Summons. As I explained before, the question is whether the defendants had information that would lead a reasonably prudent person to conclude that Michael and

Evelyn Warren had committed a crime. **Probable cause does not require an actual showing of criminal activity,** however, the mere possibility of criminal activity is not enough. The fact that a defendant personally believed that the plaintiffs were guilty is not enough if a reasonably prudent person would not have believed that to be so.

**(2)Malice**

      If you find that there was no probable cause for the criminal prosecution, you also must decide whether the defendant officers acted with malice. A lack of probable cause generally creates an inference of malice; therefore, if you find that the officers did not have probable cause you may infer that the officers acted with malice. Malice also exists if the prosecution of the plaintiffs was undertaken for improper or wrongful motives, or in reckless disregard of the rights of the plaintiffs. Malice may be proven by showing that the defendants had a wrong or improper motive, something other than a desire to see the ends of justice served.

      If you determine by a preponderance of the evidence that the defendants initiated the prosecution of Michael and Evelyn Warren without probable cause and with malice, you must find the defendants liable for a violation of the plaintiffs' constitutional rights.

Authority:      Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions at 87-74E; *Manganiello v. City of New York*, 612 F.3d 149, 160-161; 163-164 (2d Cir. N.Y. 2010); NYPJI 3:50.

**DEFENDANTS' POSITION**:  Defendants object to the foregoing charge in its entirety and propose the following charge instead.

Plaintiffs also allege that they were maliciously prosecuted by their arresting officers.  In order to establish that she was maliciously prosecuted, the plaintiff must prove by a preponderance of the credible evidence the following four elements:  (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was an absence of probable cause for the proceeding; (4) that the proceeding was instituted with malice; and (5) that there was a post-arraignment deprivation of liberty consistent with the concept of a Fourth Amendment "seizure" of Michael Warren's, or Evelyn Warren's person.  Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citing Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453 (1983)); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000); Broughton v. State of New York, 37 N.Y.2d 451, 456-57, 373 N.Y.S.2d 87 (1975).

        i.      First Element: Commencement or continuation of a criminal prosecution.

An actor cannot be said to have commenced or continued a criminal prosecution unless the actor played an active part in the criminal prosecution, such as giving encouragement, imploring, or begging the authorities to prosecute.  Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).  Giving information to the District Attorney's office is not enough to establish that an actor commenced or continued a criminal prosecution.  Rohman, 215 F.3d at 217.  The officer's job is not to establish guilt, or even to decide if the case should go forward in the criminal justice system after the arrest.  Those are the jobs of the District Attorney, judges, and grand and petit juries.  (Jury Charge in Robinson v. Trow, J. Weinstein, October 23, 2002.)

If you find that defendant officer Patton did not play an active part in urging the prosecution of plaintiff Linardakis, or if you find that defendant officer Fazio did not play an active part in urging the prosecution of plaintiff Scherer, then your verdict will be for that defendant on plaintiffs' respective claims of malicious prosecution.  See generally Rehberg v. Paulk, --- U.S. ---, 132 S. Ct. 1497, 2012 U.S. LEXIS 2711, *26-28 (2012) (noting that prosecutor, not investigating police officers, typically decides whether to bring criminal charges).

ii.    Second Element: Termination of the criminal proceedings in plaintiff's favor.

If you find that any individual defendant did play an active part in commencing or continuing the prosecution of either plaintiff, then you must consider the second element to the claim of malicious prosecution – whether the criminal proceedings terminated in plaintiff's favor.  Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997).  In this case, the charges were dismissed because the District Attorney decided that they could not be proven beyond a reasonable doubt.  Nevertheless, if you find that the question of Michael and Evelyn Warren's innocence remained unanswered when the Court dismissed the criminal charges, then the criminal prosecution cannot be said to have terminated in plaintiff's favor, and you must find for the defendants in this case.  McFawn v. Kresler, 88 N.Y.2d 859, 644 N.Y.S.2d 486 (1996); Ward v. Silverberg, 85 N.Y.2d 993, 629 N.Y.S.2d 168 (1995)).

iii.    Third element: Probable cause for the criminal prosecution.

If you decide that defendants commenced or continued plaintiffs' criminal prosecution, and you decide that the criminal prosecution was terminated in plaintiffs' favor, then you must deliberate on the next prong of the inquiry:  whether there was probable cause to initiate the criminal prosecution.  Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003).

42

As I explained before, probable cause exists when an officer has knowledge of facts and circumstances which are collectively of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed or is committing a crime.  Probable cause requires only the probability of criminal activity.  It does not require an actual showing of criminal activity.  Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983).

Once probable cause for an arrest has been established, the criminal prosecution is also supported by probable cause unless some facts that would exonerate the accused of the wrongdoing come to the attention of the defendants after the arrest was made, but before the criminal case was initiated, and the defendants fail to come forward with those facts.  Therefore, if you determine that there was probable cause for a plaintiff's arrest, then you must conclude that there was probable cause for the criminal proceedings unless you determine that, at some point after plaintiff was arrested but before the criminal case against her began, the defendant became aware of some facts that would exonerate plaintiff of the charges and but the defendant failed to come forward with that information.

                iv.     <u>Fourth element: Criminal proceeding instituted with actual malice.</u>

If you find that any defendant initiated the criminal prosecution, and if you find that the criminal prosecution terminated in the plaintiffs' favor, and if you also find that there was no probable cause for the criminal prosecution, then you will consider the final element that the plaintiff must prove in order to establish her claim for malicious prosecution:  whether the criminal proceedings were instituted with actual malice.

Malice may be inferred from a lack of probable cause.  Lowth, 82 F.3d at 573.  However, malice is not shown by the mere fact that probable cause for the prosecution may have been

lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed.  Sulkowska v City of New York, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001).

The burden of proof for every element of the malicious prosecution claim is on plaintiff.  Savino, 331 F.3d at 73.  That means the plaintiff must prove all four elements of the claim by a preponderance of the credible evidence in order to succeed on her claim for malicious prosecution.  If a plaintiff fails to prove any one of the four elements I have just explained to you, then the plaintiff cannot prevail on her claim of malicious prosecution, and your verdict must be for defendant on that claim.  If, on the other hand, you find that plaintiff has proven by a preponderance of the credible evidence that her arresting officer commenced or continued the criminal prosecution without probable cause and with actual malice, and you also determine that the criminal prosecution terminated in plaintiff's favor, then, and only then, you should find for plaintiff on this claim.

v.      Fifth element:  Deprivation of Liberty

A "seizure" occurs only when there is a governmental termination of freedom of movement through means intentionally applied.  Brower v. County of Inyo, 489 U.S. 593, 597 (1989).  Moreover, in order to support a malicious prosecution claim, only a "seizure" that occurs after the commencement of judicial proceedings is relevant.  (DE 186, at page 8, citing cases)  Accordingly, I instruct you that the detention of Michael Warren and Evelyn Warren at the 77th Precinct on the night of June 21-22, 2007, does not constitute a Fourth Amendment "seizure" for purposes of the malicious prosecution claim.  Rather, plaintiffs must prove by a preponderance of the evidence that they were "seized" after they were released that night and during the pendency of the criminal case against them.  The relevant factors in determining whether plaintiffs have proven a seizure include (1) whether they were free to travel out of the

44

state during the pendency of the criminal proceedings, (2) whether both of them were required to

attend every court proceeding in connection with the criminal cases, and (3) whether they were

required to post bail as a condition to being released while the criminal charges were pending.

Only if you find that plaintiffs were actually seized within the meaning of the Fourth

Amendment, in addition to all other elements of this claim, can you return a verdict for plaintiffs.

### _PLAINTIFF'S POSITION_

_**Much of defendants' proposed instruction is unnecessary. The Court need not instruct on the commencement of a criminal prosecution—the officers participated in the criminal prosecution by issuing a summons and DAT to Mr. and Mrs. Warren. Moreover, defendants' proposed instruction fails to acknowledge that if an officer provides false information s/he has participated in the criminal prosecution, as noted in Your Honor's decision denying Summary Judgment. Given the undisputed facts there is no issue about whether there was the commencement of a criminal proceeding against plaintiffs.**_

_**Similarly the Court need not instruct regarding whether the proceedings terminated in the plaintiffs' favor. It is undisputed that the proceedings were dismissed on the basis of insufficient evidence; as a matter of law the proceedings terminated in plaintiffs' favor.**_

_**Finally, the court need not instruct the jury to determine whether the warrens suffered a deprivation of liberty. In Your Honor's decision denying summary judgment it was determined based on undisputed facts that the Warrens experienced a post arraignment deprivation of liberty.**_

**F.  Failure to Intervene**

**Against defendants Acconi, Tillotson, Sarante and Carozza**

In this case, plaintiffs also claim that they suffered the loss of their federal rights because defendant officers Acconi, Tillotson, Sarante, and Carozza failed to intervene when Sergeant Talvy and Officer Acconi unlawfully arrested Michael Warren, Sergeant Talvy used excessive force against both Michael and Evelyn Warren, and Officers Talvy, Sarante and Carozza arrested Evelyn Warren.

**All law enforcement officers have an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in their presence.** It is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. **An officer who fails to intervene when fellow officers make an unlawful arrest or use unreasonable force is liable for the harm caused by the action of another officer if that officer either observes or has reason to know that a Constitutional right is being violated.**

I have already instructed you regarding the definition of an unlawful arrest and the definition of excessive force. If you determine by a preponderance of the evidence that the plaintiffs were unlawfully arrested or that Sergeant Talvy used excessive force, you must determine whether any of the other defendant officers failed to intervene. To do so you must determine whether the unlawful arrests and/or use of excessive force occurred within the officer's presence or otherwise within their knowledge, and whether the officer had a realistic opportunity to attempt to prevent those constitutional violations.

46

If you determine that either an unlawful arrest or the use of excessive force occurred, and you find (1) that the unlawful arrests and/or use of excessive force occurred within an officer's presence or otherwise within their knowledge, and (2) that the officer had a realistic opportunity to attempt to prevent those constitutional violations, then you must find each defendant who failed to intervene liable for a violation of the plaintiffs' constitutional rights. **If you find that the plaintiff has not proven these elements by a preponderance of the evidence, then your verdict must be in favor of the defendants.**

Authority:     Adapted from *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988); *Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir. Ga. 1986); *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994).

**DEFENDANTS' POSITION:**  Defendants' proposed charge on this matter is set forth above (see proposed Excessive Force charge).

***PLAINTIFFS' POSITION: It is less confusing to give this instruction separately. First it makes clear which defendants are charged with failure to intervene, second the instruction should not be part of the excessive force instruction because defendants are also liable if they failed to intervene in an unlawful arrest. Plaintiffs have incorporated some of the language proposed in Defendants' instruction.***

## G.  **No Specific Intent Required**

For the claims of arrest without probable cause, excessive force, and failure to intervene, it is not necessary to find that the defendants had any specific intent to deprive the plaintiffs of their constitutional rights, or that they acted with malice or ill will in order to find for the plaintiffs that their constitutional rights were violated.  Whether the defendants acted with subjective good faith is irrelevant, and plaintiffs need not prove that the defendants had an evil heart.

Authority:      Adapted from M. Avery, *et al*., Police Misconduct; Law and Litigation, Third Edition, § 12:6.

**DEFENDANTS' POSITION**:  Defendants object to this charge as prejudicial, irrelevant, superfluous and unnecessary.  All elements of each claim are separately set forth above in defendants' proposed charges.

***PLAINTIFF'S POSITION: Because the jury has been instructed that for certain charges they must find an intent to do harm (abuse of process) or malice (malicious prosecution), it is important to emphasize that there is no requirement that malice or ill will be found in regards to the other charges.***

## H.  **Proximate Cause — Generally**

If you find that defendants deprived the plaintiffs of any of the constitutional rights that I have described above, the third element which plaintiffs must prove is that the defendants' acts were a proximate cause any injuries sustained by the plaintiffs.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiffs.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. **An injury may be a physical injury, a psychological injury, or pain and suffering.**

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury. The defendants' acts may be a proximate cause of plaintiffs' injuries even if they were not the only cause; however, a defendant is not liable if the plaintiffs' injuries were caused by a new or independent source which intervened in between the defendants' act or omission and the plaintiffs' injury, and which produced a result which was not reasonably foreseeable by the defendant.

49

If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiffs' injuries would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause plaintiffs' injury.  If you find, however, that the plaintiffs have shown by a preponderance of the evidence that such injury would not have occurred without the conduct of one of the defendants, you must find that the defendant was proximate cause of plaintiffs' injury.

Authority:     Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions §87.03, Instruction 87-79 (modified).

**DEFENDANTS' POSITION**: Defendants object to the foregoing Request to Charge in its entirety and propose the following charge.

If you find that plaintiffs were unlawfully arrested without probable cause, or that they were subjected to excessive force, or were maliciously prosecuted, then, and only then, will you reach the third required element for a Section 1983 Claim. The third element you must determine is whether that plaintiffs suffered injury directly from the false arrest, excessive force, or intentional discrimination, and whether the injury was proximately caused by the defendants.

Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury such that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

To recover damages for any injury, plaintiffs must show by a preponderance of the credible evidence that he suffered an injury and that such injury would not have occurred without the conduct of the defendants. An injury may be a physical injury, or pain and suffering. The plaintiffs in this case are not seeking damages for lost earnings or income, and if you reach the question of damages, you may not award any amounts to the plaintiffs for lost income, as I will explain to you later.

If you find that a plaintiffs have complained about an injury that could have occurred even in the absence of each defendant's conduct, you must find that that defendant did not proximately cause plaintiffs' injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  However, a defendant is not liable if a plaintiff's injury was caused by conduct independent of that defendant's acts or omissions or such conduct produced a result that was not reasonably foreseeable to that defendant.  (Jury Charge in Luis v. City of New York, 03-CV-600 (KAM) (E.D.N.Y. Aug. 2005)).

***PLAINTIFFS' POSITION: The language in plaintiffs' proposed instruction and defendants' proposed instruction is nearly identical. Plaintiffs have incorporated some language from defendants' proposed instruction and submit that it should be acceptable to all parties. The only major different occurs at the end of defendants' paragraph 3 where defendants seek to insert language about the fact that the Warrens are not seeking lost income. As the damage instructions address this it is unnecessary to insert such language into the proximate cause instruction.***

I. **Intentional Infliction of Emotional Distress**

**Against Defendant Talvy**

In addition to their claims alleging that defendants deprived them of their federal constitutional rights under "Section 1983," Plaintiffs allege that defendant Talvy is liable for committing a tort under the laws of the State of New York called Intentional Infliction of Emotional Distress.

Defendant Talvy is liable for the intentional infliction of emotional distress if three conditions are met: (1) he engaged in extreme and outrageous conduct, (2) he either intended to cause severe emotional distress or disregarded a substantial probability of causing severe emotional distress, and (3) his conduct caused one or both of the plaintiffs to have severe emotional distress.

Conduct is extreme and outrageous when it is socking and outrageous such that it exceeds all reasonable bounds of decency and is utterly intolerable in a civilized community.  In determining whether the conduct of defendant Talvy exceeded the reasonable bounds of decency, you should consider what the average member of the community would tolerate.

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result. Also, if a person does the act knowing with substantial certainty that the result will follow, even though he has no desire to bring about the result, he or she is also said to have intended the result.

Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

In this case, if you find that defendant Talvy's conduct toward plaintiffs was outrageous and shocking such that it exceeded the reasonable bounds of decency as measured by what the average member of the community would tolerate, and that defendant Talvy either disregarded a substantial probability of causing severe emotional distress or intended to cause severe emotional distress,, and that defendant Talvy's conduct caused one or both of the plaintiffs to experience severe emotional distress, you must return a verdict for the plaintiffs.

<u>Authority</u>:      Adapted from NYPJI 3:6, *Howell v. New York Post Co., Inc*., 81 NY2d 115 (1993).

**J.  Respondeat Superior**

**Against the City of New York**

The defendant officers, who work for the New York City Police Department, are employees of the City of New York. The City of New York is responsible for the actions of its employees if the act of the employee is in furtherance of the City's business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

In this case, if you find that the defendant Talvy is liable for intentional infliction of emotional distress, and that the defendant Talvy committed that violation while acting within the scope of his authority as New York City Police Officer, while engaged in the performance of his assigned duties as a police officer, you must find that the City of New York is liable for the actions of the defendant Talvy.

Authority:     Adapted from NYPJI 2:235

**DEFENDANTS' POSITION**:  Defendants object to the foregoing request to charge in its
        entirety, and propose the following charge.

      The City of New York is a defendant here because it was the employer of the individual

defendants at the time of the events in question.  The City's liability, if any, will be determined

by me, as a matter of law.  You will not be asked to determine whether defendant City is liable to

plaintiff in this case, and you should not concern yourself with this issue.[1]

---

[1]      Defendants submit that the City should not be mentioned to the jury at all because the jury does
not need to know that the City is a defendant.  In fact, because the City's only liability is derivative of any liability
of the individual defendants, it is highly prejudicial to the individual defendants to have the jury know that the City
is a defendant.  In fact, there is the possibility that the jury may find liability merely because it believes that the City
will pay the damages for the individual defendant rather than because it believes the defendant has engaged in
unconstitutional behavior.  However, if the City is mentioned as a defendant, then defendants respectfully request
that this instruction concerning Respondeat Superior be read.

**PART III: DAMAGES**

## A.  <u>Damages - Introduction</u>

If plaintiffs have proven by a preponderance of the evidence that one or more of the defendants is liable on one or more of their claims, then you must determine the damages to which plaintiffs are entitled.

If you find that plaintiffs are entitled to recover from one or more of the defendants for any claim, then you should consider the issue of damages. If you find that no defendant is liable to plaintiffs on their claims, you need not consider the issue of damages.

If you return a verdict for the plaintiffs against any of the defendants, then must award a sum of money that will justly and fairly compensate the plaintiffs for any injury and all loss that resulted from the conduct of that defendant or those defendants.


<u>Authority</u>:      Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions § 77-1;
                 1 NY PJI2d 2:277


**<u>PLAINTIFFS' POSITION: Plaintiffs have incorporated some language from the beginning of defendants' "compensatory damages" instruction, and assert that this is a fair introduction to the issue of damages.</u>**

## B. More Than One Defendant

If you find that the plaintiffs have proved liability according to the standards I have explained, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are both liable, without breaking that figure down into individual percentages.

Authority:       Adapted from 4 L. Sand, *et al*., Modern Federal Jury Instructions, at
                 Instruction 77-2.

**_PLAINTIFFS' POSITION: Defendants made no comment about this proposed instruction but did not mention the issue of multiple defendants in their proposed damages instructions. Plaintiffs assert that it is appropriate to give this instruction to the jury as there are multiple defendants in this case._**

## C. **Damages – Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, sufficient damages to compensate plaintiffs for any injury and any loss proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make a plaintiff whole – that is, to compensate him for the damage suffered. Compensatory damages are not limited merely to expenses that a plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for deprivation of liberty, economic loss, physical injury, pain and suffering, emotional and mental anguish, and shock and discomfort that he or she has suffered because of the defendants' conduct.

In determining the amount, if any, to be awarded plaintiffs for pain and suffering, you may take into consideration inconvenience and loss of enjoyment of life caused by the defendants' conduct. Loss of enjoyment of life involves the loss of or diminished ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.

**You shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence to be a result of the conduct by the defendants. Actual damages must be based on the evidence presented at trial and only on that evidence.** However, the law does not require a plaintiff to prove the amount of his losses with mathematical precision,. You are to use your sound discretion in fixing an award, drawing all reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Authority:      Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions § 77.01, Instruction 77-3. *See Kerman v. City of New York,* 374 F.3d 93 (2d Cir. 2004). *See also* PJI §§ 280.1, 284; *see Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 306-07 (1986) ("When Section 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts" and "may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . personal humiliation, and mental anguish and suffering.") (citations and internal quotations omitted); *Townes v. City of New York*, 176 F.3d 138, 147 - 148 (2d Cir. 1999) ("basic purpose" of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights"; type and amount of such damages "is ordinarily determined according to principles derived from the common law of torts."); *Connor v. Ulrich*, 153 F.Supp.2d 199, 201 (E.D.N.Y. 2001) (where plaintiff prevailed on excessive force claim, jury awarded compensatory damages for physical injury, pain and suffering and emotional distress)

**PLAINTIFFS' POSITION: Defendants' proposed damage instructions are biased and inappropriate; nonetheless, plaintiffs have incorporated some of defendants' proposed language into this instruction, in bold.**

Authority:    Adapted from PJI §§ 280.1, 284; *see Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 306-07 (1986) ("When Section 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts" and "may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . personal humiliation, and mental anguish and suffering.") (citations and internal quotations omitted); *Townes v. City of New York*, 176 F.3d 138, 147 -148 (2d Cir. 1999) ("basic purpose" of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights"; type and amount of such damages "is ordinarily determined according to principles derived from the common law of torts."); *Connor v. Ulrich*, 153 F.Supp.2d 199, 201 (E.D.N.Y. 2001) (where plaintiff prevailed on excessive force claim, jury awarded compensatory damages for physical injury, pain and suffering and emotional distress)

***<u>PLAINTIFFS' POSITION: It is appropriate for the jury to be instructed regarding pain and suffering.</u>***

## E. Punitive Damages

You have the discretion to award punitive damages to punish a defendant or defendants for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future. You may award punitive damages as a separate award in addition to compensatory damages. You may also award punitive damages on their own, even if you find that the plaintiffs did not establish actual compensatory damages.

You may award the plaintiffs punitive damages if you find that the acts or omissions of any defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiffs have the burden of proving, by a preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiffs' rights.

If you find by a preponderance of the evidence that one or more defendants acted with malicious intent to violate the plaintiffs' federal rights or unlawfully injure them or if you find that one or more defendants acted with a callous or reckless disregard of the plaintiffs' rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether defendants may be

adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent defendants from again performing any wrongful acts they may have performed, or whether punitive damages are appropriate to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

Authority:        Adapted from 5 L. Sand, *et al.*, Modern Federal Jury Instructions, at 87-92.

***PLAINTIFFS' POSITION: It is appropriate for the jury to be instructed regarding punitive damages.***

**DEFENDANTS' POSITION REGARDING DAMAGES INSTRUCTIONS**:  Defendants object to <u>all</u> of plaintiffs' damages charges and request the following charges instead.

I have a few cautionary instructions to give you before I define the types of damages you may award if the plaintiff proves liability according to the standards I have just set forth.

      A.      <u>Damages:  Compensatory damages.</u>

Even though I am going to instruct you now on how to award damages, it does not mean that I have any opinion on whether or not one or more of the defendants should be held liable. Instructions as to the measure of damages must be given only for your guidance in the event you should find that any actual damages were proved by a preponderance of the credible evidence by the plaintiff in this case according to the instructions I have given to you.

If you believe that the plaintiffs have proven every element of a claim by a preponderance of the credible evidence, then, and only then, should you consider the issue of damages.  If you return a verdict for all defendants, or one or more of the defendants, on any claim, then you need not consider damages as against that defendant.

If you return a verdict for the plaintiff against any of the defendants, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of that  defendant.

You shall award actual damages only for those injuries that you find the plaintiff has proven by a preponderance of the credible evidence.  Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by a particular defendant and that are a direct result of conduct by that defendant that was a violation of plaintiff's rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial and only on that evidence.

As I mentioned earlier, the plaintiff is not seeking money damages for any alleged lost earnings or lost income.  If you reach the question of damages, therefore, you may not award any damages to the plaintiff to compensate him for lost income.

**_PLAINTIFFS POSITION REGARDING DEFENDANTS PROPOSED DAMGAGES INSTRUCTIONS: plaintiffs object to defendants' damages instructions, particularly the instruction regarding nominal damages. See Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004)._**

**PART IV: CONCLUSION--JURY CONDUCT**

**Request Number 41**

**Right To See Exhibits and Hear Testimony**


You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.


Authority:       3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 78.01, Instruction78-1.

**Request Number 42**

**Duty To Deliberate/Unanimous Verdict**

You will now deliberate to decide the case. In order to prevail, plaintiffs Michael and Evelyn Warren must sustain their burden of proof as I have explained to you with respect to each element of each of their claims. If you find that they have succeeded on a claim, you should return a verdict in their favor with respect to such claim. If you find that they failed to sustain their burden on any element of a claim, you should return a verdict against them on that claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for him or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change your opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Authority:      3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 78.01, Instruction 78-3.

67

**Request Number 43**

**<u>Verdict Form</u>**

I have prepared a verdict form for you to use in recording your decision.  The verdict

form is made up of questions concerning the important issues in this case.  These questions are to

be answered "yes" or "no," unless a question calls for a percentage or dollar amount as indicated.

Your answers must reflect the conscientious judgment of each juror.  You should answer every

question.


<u>Authority</u>:        3 L. Sand, *et al.*, Modern Federal Jury Instructions, ¶ 78.01, at 78-23.




Dated:        May 4, 2012
              New York, NY

                                        Respectfully submitted,


                                        _____/s_____
                                        JONATHAN C. MOORE, Esq.
                                        Elizabeth Logemann

                                        Beldock Levine & Hoffman, LLP
                                        99 Park Avenue - 16th Floor
                                        New York, New York    10016
                                        (212) 277-5850